UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEE EDWARD PEYTON,

    Plaintiff,

  v.

RANDY GROUNDS,

    Defendant.

Case No. 13-cv-04232-JST (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison, has filed a pro se complaint under 42 U.S.C. § 1983 claiming "inmate prison politics" requiring racial separation have created an unsafe environment. The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**II.     Exhaustion**

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id. at 741. PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 94 (2006). The purposes of the exhaustion requirement include allowing the prison or jail to take responsive action, filtering out frivolous cases and creating an administrative record. See Porter, 534 U.S. at 525.

The State of California provides its prisoners the right to appeal administratively "any policy, decision, action, condition, or omission by the [CDCR] or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 C.C.R. § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, submitted on a CDC 602 inmate appeal form; (2) first formal level appeal, to an institution appeals coordinator; (3) second formal level appeal, to the institution warden; and (4) third formal level appeal, to the Director of the CDCR. See 15 C.C.R. § 3084.7; Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010).

2

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120. Here, plaintiff concedes he did not exhaust available administrative remedies through the Director's level of review before filing suit. His complaint was filed on September 12, 2013. The Director's level appeal decision was issued over three months later on December 17, 2013. (See Dkt. no. 6 at 11-12.) The complaint is therefore subject to dismissal. See McKinney, 311 F.3d at 1199-1201 (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

Recent case law, however, holds that a prisoner may satisfy the exhaustion requirement as long as he exhausted his administrative remedies prior to filing an amended complaint. See Rhodes v. Robinson, 621 F.3d 1002, 1006 (9th Cir. 2010) (amended complaint raised new claims which arose after the original complaint was filed); Cano v. Taylor, No. 10-17030, slip op. 1, 13 (9th Cir. Jan. 14, 2014) (amended complaint raised new claims which arose prior to the filing of the initial complaint). Accordingly, plaintiff will be granted leave to amend.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** from the date of this Order, plaintiff shall file an amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 13-4232 JST (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). **Plaintiff's failure to file an amended**

3

**complaint by the deadline will result in the dismissal of this action without prejudice.**

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. The Clerk of the Court shall send plaintiff a blank civil rights form along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: January 17, 2014



JON S. TIGAR
United States District Judge