UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE EDWARD PEYTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RANDY GROUNDS,<br><br>　　　　Defendant. | Case No. 13-4232-VC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Lee Edward Peyton, an inmate at Kern Valley State Prison proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Randy Grounds, Warden at Salinas Valley State Prison ("SVSP"), where Peyton was formerly incarcerated. The Court dismissed Peyton's original complaint with leave to amend so that he could exhaust administrative remedies. On March 10, 2014, Peyton filed a first amended complaint ("FAC"), which the Court now reviews.

**DISCUSSION**

**I.　Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

But there is no respondeat superior liability under Section 1983. *Lemire*, 726 F.3d at 1074. That is, a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a plaintiff to allege generally that supervisors knew about the constitutional violation or that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by the supervisors that led to the constitutional violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

**II.    Peyton's Allegations**

In his FAC, Peyton alleges the following:

At SVSP "racial-inmate prison politics" dictate inmates' behavior such that, if Peyton violated any of the racial-inmate politics rules, he would be assaulted by being beaten or stabbed by inmates of his own African-American race or by inmates of the "offended" races. For instance,

1  Peyton could play basketball on only one of two basketball courts, he could use only one of two
2  sets of pull-up dip bars and he could use only one of two punching bags. The seven picnic tables
3  in the recreation yard of Facility B are racially segregated as a result of racial-inmate political
4  designations. Racial politics dictate the behavior of inmates in many other instances and inmates
5  will be beaten or otherwise injured if they disregard the "racial political rules."

6  Grounds is aware of the intricacies of inmate racial prison politics and knows that inmate
7  violence results when an inmate does not follow the racial political rules. Despite Grounds'
8  knowledge that inmates at SVSP are exposed to a substantial risk of assault because of racial
9  politics, he has refused to take any action to abate the risk of harm to inmate health and safety.
10 Instead, Grounds has encouraged, promoted and condoned an atmosphere that allows inmates to
11 control other inmates by prison politics that entails frequent violence.

12 While he was at SVSP, Peyton was not harmed, but he was in imminent danger from the
13 inmate racial politics and Grounds' policy of giving inmates freedom to enforce the racial rules
14 upon each other.

### III. Peyton's Claim

16 Peyton asserts an Eighth Amendment claim for deliberate indifference to his health and
17 safety against Grounds. Peyton seeks damages and an injunction ordering Grounds "to take
18 immediate action to eradicate inmate racial prison politics and racial segregation at Salinas Valley
19 State Prison in order to guarantee prisoners' right [sic] to have personal safety."

20 The Eighth Amendment requires that prison officials take reasonable measures to
21 guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This includes
22 prison officials' duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833;
23 *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250
24 (9th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). However, the
25 failure of prison officials to protect inmates from attacks by other inmates or from dangerous
26 conditions at a prison violates the Eighth Amendment only when two requirements are met:
27 (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is,
28 subjectively, deliberately indifferent to inmate safety. *Farmer*, 511 U.S. at 834; *Hearns*, 413 F.3d

1  at 1040-41.

2  A prisoner need not wait until he is actually assaulted to state a claim and obtain relief. *Farmer*, 511 U.S. at 845; *Woodhous v. Virginia*, 487 F.2d 889, 890 (4th Cir. 1973); *Stickney v. List*, 519 F. Supp. 617, 620 (D. Nev. 1981); s*ee also Gonzales v. CDCR*, 739 F.3d 1226, 1234-35 (9th Cir. 2014) (finding standing to bring Eighth Amendment challenge to prison's gang debriefing process, even though prisoner had not yet debriefed, where he alleged risk of retaliation from other gang members).

Because Peyton seeks damages and injunctive relief, the Court construes his Eighth Amendment claim to be against Grounds in both his individual and official capacities. When suing Grounds as an individual, Peyton may seek money damages; when suing Grounds in his official capacity, Peyton may seek injunctive relief. For the reasons stated below, both claims fail, but Peyton is granted leave to amend his claim for damages against Grounds in his individual capacity.

### A. Claim for Injunctive Relief

Permanent injunctive relief may not be granted absent a great and immediate threat that the plaintiff will suffer future irreparable injury for which there is no adequate remedy at law. *See Nava v. City of Dublin*, 121 F.3d 453, 458 (9th Cir. 1997) (citing *Easyriders Freedom F.I.G.H.T v. Hannigan.*, 92 F.3d 1486 at 1495-96 & n.5, 1500 (9th Cir. 1996)). Past injury to a plaintiff is usually insufficient to satisfy this requirement, as is a threat of future injury to other citizens, rather than to the plaintiff specifically. *Id.* at 459.

Peyton's claim for injunctive relief against Grounds in his official capacity fails because Peyton is no longer incarcerated at SVSP and, therefore, is no longer in danger of a great and immediate threat of future irreparable injury as a result of the conduct he alleges in his complaint. Any past injuries to Peyton are insufficient to satisfy the requirement for injunctive relief as is the threat of future injuries to other inmates. *See Gonzales*, 739 F.3d at 1234-35 (litigants must assert their own legal rights; they cannot rest their claim on legal rights and interests of third parties); *Nava*, 121 F.3d at 459. Because amending this claim would be futile, it is dismissed without leave to amend.

**B. Claim for Damages**

Peyton's claim against Grounds as an individual fails because the FAC does not allege a specific policy or specific events implemented by Grounds that led to the alleged constitutional violations. In *Hydrick v. Hunter*, the court stated:

> Plaintiff's complaint is based on conclusory allegations and generalities, without any allegation of the specific wrong-doing by each Defendant. For example, Plaintiffs' Fourth Amendment claim alleges that Defendants' "policies, practices and customs subject Plaintiffs to unreasonable searches; searches as a form of punishment; degrading public strip searches; improper seizures of personal belongings; and the use of unreasonable force and physical restraints." But there is no allegation of a *specific* policy implemented by the Defendants or a *specific* event or events instigated by the Defendants that led to these purportedly unconstitutional searches. . . .
>
> Plaintiffs' First Amendment retaliation claim alleges that "defendants have personal knowledge of retaliation against [the Plaintiffs] for participation in lawsuits, but Defendants policies, practices and customs permit and encourage retaliation." But there is no allegation of a *specific* policy or custom, nor are there specific allegations regarding each Defendants' purported knowledge of the retaliation.

*Hydrick*, 669 F.3d at 942 (emphasis in original).

Like the plaintiffs in *Hydrick*, Peyton only generally alleges that Grounds has personal knowledge of the inmate racial policy and only generally alleges that Grounds has implemented a policy encouraging and condoning it. To state a cognizable claim against Grounds in his individual capacity, Peyton must allege how Grounds had specific knowledge of the inmate racial policy and must allege the specific policy or events Grounds implemented that "encouraged, promoted and condoned" the inmate racial policy.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Peyton's Eighth Amendment claim against Grounds for deliberate indifference to Peyton's health and safety is dismissed. The claim seeking injunctive relief is dismissed without leave to amend; the claim seeking damages is dismissed with leave to amend.

2. Peyton may file an amended complaint remedying the deficiencies in the claim seeking damages noted above within twenty-one days from the date of this Order. The amended complaint must include the caption and civil case number used in this Order and the words AMENDED

COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Peyton must include in it all the allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

4. It is Peyton's responsibility to prosecute this case. Peyton must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 8, 2014

_____
VINCE CHHABRIA
United States District Judge