UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEE EDWARD PEYTON,

    Plaintiff,

v.

RANDY GROUNDS,

    Defendant.

Case No. 13-cv-04232-VC

**ORDER RE POTENTIAL BAR UNDER SECTION 1915(G)**

    Plaintiff Lee Edward Peyton, a state prisoner, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. On December 16, 2013, the Court granted Peyton's motion to proceed IFP. On September 5, 2014, the Court issued an Order of Service of Peyton's cognizable claims. It has now come to the Court's attention that, under 28 U.S.C. § 1915(g), Peyton may not be eligible for IFP status.

    The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation. The word "frivolous" refers to a case that is "of little

weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. *Id.*  Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar IFP status for him. *Id.*  *Andrews* implicitly allows the Court to raise the § 1915(g) problem *sua sponte*, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Peyton's prior prisoner actions in the Central District of California reveals that he has had at least three cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  Peyton is now given notice that the Court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) *Peyton v. Aston*, 04-9577 FMC (AJW) (Doc. no. 12, Oct. 31, 2005 Report and Recommendation that complaint be dismissed for failure to state a claim; Doc. no. 16, Jan. 5, 2006 Order Adopting Report; Doc. no. 17, Jan. 5, 2006 Judgment dismissing complaint with prejudice); *Peyton v. Dammeyer*, 10-5309 UA (AJW) (Doc. no. 2, Jul. 28, 2010 Report and Order that complaint be dismissed for failure to state a claim); *Peyton v. City and County of Ventura, et al.*, 10-5313 UA (AJW) (Doc. no. 2, Jul. 27, 2010 Report and Order that complaint be

dismissed for failure to state a claim). The latter case was dismissed, in part, because claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Although the Ninth Circuit has not definitively addressed whether a complaint dismissed pursuant to *Heck* constitutes a strike under § 1915(g), the Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action," implying a failure to state a claim and other courts have held that *Heck* dismissals constitute strikes under § 1915(g). *See Gowadia v. Sorenson*, 2014 WL 357957, *2 (D. Haw. Jul. 28, 2014) (citing *Heck*, 512 U.S. at 489 and cases holding *Heck* dismissals were strikes).

If the above-cited cases are strikes within the meaning of § 1915(g), Peyton may proceed IFP only if he is seeking relief from a danger of serious physical injury that was "imminent" at the time of filing his complaint. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

In light of these three previous dismissals, within twenty-eight days from the date of this order, the defendant is ordered to file a brief on the question whether Peyton's IFP status should be revoked. This brief should include a discussion of any additional strike cases not discussed by the Court and whether Peyton was in imminent danger at the time he filed his complaint. Peyton's response is due twenty-eight days after the defendant files his brief. The defendant may file a reply fourteen days after Peyton files his brief. The matter will then be taken under submission. If Peyton does not file a response to the defendant's brief within twenty-eight days, his IFP status will be revoked under § 1915(g) and his case will be dismissed without prejudice to his filing a new complaint accompanied by the full filing fee.

In light of this order, the briefing schedule for the defendant's dispositive motion set forth in the Court's September 5, 2014 Order of Service is stayed. If it is determined that Peyton cannot proceed IFP, the briefing schedule will become moot. If Peyton is able to proceed IFP, either because he persuades the Court that one or more of the above-cited cases is not a strike or because he was in imminent danger at the time he filed his complaint, the Court will set a new briefing

3

schedule for the defendant's dispositive motion.

**IT IS SO ORDERED**.

Dated: October 28, 2014

_____
VINCE CHHABRIA
United States District Judge