KAMALA D. HARRIS
Attorney General of California
MARISA Y. KIRSCHENBAUER
Supervising Deputy Attorney General
ELLIOTT T. SEALS
Deputy Attorney General
State Bar No. 277491
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-1640
  Fax: (415) 703-5843
  E-mail: Elliott.Seals@doj.ca.gov
*Attorneys for Defendant Grounds*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **LEE EDWARD PEYTON,**<br><br>                Plaintiff,<br><br>  v.<br><br>**RANDY GROUNDS,**<br><br>              Defendant. | C 13-04232 VC (PR)<br><br>**DEFENDANT'S NOTICE OF MOTION; MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:    The Honorable Vince Chhabria<br>Action Filed:  September 12, 2013 |

**TO PLAINTIFF LEE EDWARD PEYTON, PRO SE:**

**PLEASE TAKE NOTICE THAT** under 28 U.S.C. § 1915(g), Defendant moves for an order revoking Plaintiff's *in forma pauperis* status, declaring Plaintiff a "three-strikes" litigant, and dismissing this proceeding unless Plaintiff tenders the full filing fee. The grounds for this motion are that: (1) Peyton is proceeding *in forma pauperis* and has previously brought four lawsuits that were dismissed on the basis that they were frivolous, malicious, or failed to state a claim, and (2) Peyton cannot satisfy the imminent danger exception to the three-strikes rule.

///

///

1

This motion is based on this notice of motion, the following memorandum of points and authorities, Defendant's request for judicial notice and the accompanying court documents, the proposed order, and the Court's file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Peyton, a prisoner proceeding pro se, filed this civil-rights lawsuit and was granted leave to proceed *in forma pauperis*. But Peyton should not be allowed to proceed *in forma pauperis* due to the Prison Litigation Reform Act's (PLRA) "three strikes" rule. Peyton previously brought four lawsuits that have been dismissed for failing to state a claim and therefore 28 U.S.C. § 1915(g) bars him from proceeding *in forma pauperis*. And, the imminent danger exception to this rule does not apply to Peyton because Peyton's complaint does not allege that he was in imminent danger of serious physical injury. Furthermore, because he was not longer housed at the institution where the alleged events occurred when he filed this lawsuit, he cannot show that the imminent-danger exception to the three-strikes rule applies. Thus, Defendant requests that Peyton's *in forma pauperis* status be revoked, that he be declared a "three-strikes" litigant, and that this action be dismissed unless Peyton tenders the full filing fee. In addition, discovery should be stayed in this matter until the Court rules on this motion.

## STATEMENT OF THE ISSUES

The PLRA bars prisoners from bringing a civil action, *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Peyton has brought at least three prior actions that were dismissed as frivolous, malicious, or for failure to state a claim.

1. Is Peyton barred from being granted *in forma pauperis* status under the PLRA?
2. Does Peyton face an imminent danger of serious physical injury, such that he should benefit from the exception to the three-strikes rule?

///

**PROCEDURAL STATUS OF CASE**

On September 12, 2013, Peyton filed his original complaint in this matter. (Compl., ECF No. 1.) Peyton was granted leave to proceed *in forma pauperis* on December 16, 2013. (ECF No. 5.) On January 17, 2014, Peyton's original complaint was dismissed with leave to amend and Peyton filed a first amended complaint on March 10, 2014. (ECF Nos. 7, 11.) Peyton's first amended complaint was again dismissed with leave to amend. (ECF No. 12.) Peyton then filed a second amended complaint that the court found sufficient to state a claim for deliberate indifference against Salinas Valley State Prison ("Salinas Valley") Warden Grounds. (ECF Nos. 18, 22.)

**STATEMENT OF FACTS**

Peyton's operative complaint alleges that Defendant Grounds was deliberately indifferent to the gang culture at Salinas Valley that causes violence between inmates. (ECF Nos. 18, 22.) Peyton was housed at Salinas Valley during the events alleged in the complaint. (ECF No. 18 ¶ 3.) Defendant Grounds was the Warden of Salinas Valley at the times relevant to Peyton's complaint. (ECF No. 18 ¶ 5.) At the time Peyton filed his second amended complaint, he was housed at North Kern State Prison. (ECF No. 18.) Peyton's second amended complaint does not allege facts demonstrating that he was under imminent danger. (ECF No. 18.)

Before bringing this lawsuit, Peyton previously brought four lawsuit *in forma pauperis* that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. On January 5, 2006, *Peyton v. Aston*, case no. 04-9577 FMC (AJW) was dismissed for failure to state a claim. (RJN, Ex. A.) On January 21, 2010, *Peyton v. Felker*, case no. 2:08-cv-00639 HWG, was dismissed for failure to state a claim. (RJN, Ex. B.) On July 27, 2010, *Peyton v. City and County of Ventura, et al.*, case no. 10-5313 UA (AJW), was dismissed for failure to state a claim. (RJN, Ex. C.) On July 28, 2010, *Peyton v. Dammeyer*, case no. 10-5309 UA (AJW), was dismissed for failure to state a claim. (RJN, Ex. D.)

///

///

///

# ARGUMENT

**I. THE "THREE-STRIKES RULE" OF THE PRISON LITIGATION REFORM ACT PROVIDES FOR THE REVOCATION OF THE IN FORMA PAUPERIS PRIVILEGE.**

Peyton falls within the statutory definition of a three-strikes litigant and should therefore be barred from bringing this civil action *in forma pauperis*. Proceeding *in forma pauperis* is a privilege, not a right. *Williams v. Field*, 394 F.2d 329, 332 (9th Cir. 1968). The Prison Litigation Reform Act (PLRA) prevents prisoners from bringing civil actions *in forma pauperis* if they previously had three actions dismissed as frivolous, malicious, or for failure to state a claim:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (2011).

A case that "fails to state a claim upon which relief could be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Andrews v. King*, 398 F.3d 1113, 1120-21 (9th Cir. 2005) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). The "three-strikes" provision of the PLRA is intended to reduce the burden of prison litigation on the court system. The Ninth Circuit upheld the "three strikes" provision because "[b]udgetary concerns are a legitimate governmental interest and curbing the costs of defending against frivolous litigation is rationally related to maintaining the budget." *Rodriguez v. Cook*, 169 F.3d 1176, 1180-81 (9th Cir. 1999). When challenging a plaintiff's *in forma pauperis* status, the defendant has the initial burden of making a *prima facie* case showing that the plaintiff has three strikes. *Andrews v. King*, 398 F.3d at 1116. The evidence must allow the "district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were 'frivolous, malicious or fail[ed] to state a claim." *Id*. at 1120, citing 28 U.S.C. § 1915(g). In some cases, the docket may be sufficient to show that a previous dismissal counts as a strike, but in other instances, the defendant must "produce court records or other documentation that will allow the district court to determine that a prior case" counts as a strike. *Id*.

Once the defendant makes a *prima facie* case, "the burden shifts to the [p]laintiff to persuade the court that § 1915(g) does not apply." *Id*. at 1116. If the plaintiff fails to meet that burden, § 1915(g) mandates the revocation of the plaintiff's IFP status. *Id*. at 1120. When the Court revokes an inmate's *in forma pauperis* status, the proper procedure is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("the prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status" because "[h]e must pay the filing fee at the time he initiates the suit").

### A. The Dismissal in *Peyton v. Aston*, case no. 04-9577 FMC (AJW), is a Strike.

In *Peyton v. Aston*, the magistrate judge issued a report and recommendation finding that Peyton's complaint "fail[ed] to state a claim for violation of [his] federal rights." (RJN, Ex. A at 19.) The Court then adopted these findings and entered judgment against Peyton. (RJN, Ex. A.) Accordingly, *Peyton v. Aston* counts as a strike against Peyton under the PLRA.

### B. The Dismissal in *Peyton v. Felker*, case no. 2:08-cv-00639 HWG, is a Strike.

On December 7, 2009, Peyton's claims in *Peyton v. Felker* were dismissed without prejudice for failure to state a claim. (RJN, Ex. B.) The Court's order stated that if Peyton failed to file an amended complaint, judgment of dismissal would be entered and the dismissal would "count[] as a 'strike' under 28 U.S.C. § 1915(g)." (*Id*. at 16.) Peyton did not file an amended complaint, and judgment was entered on January 21, 2010. (*Id*. at 19.) Therefore, *Peyton v. Felker*, counts as another strike against Peyton under the PLRA.

### C. The Dismissal in *Peyton v. City and County of Ventura, et al.,* 10-5313 UA (AJW), is a Strike.

On July 23, 2010, Peyton's claims in *Peyton v. City and County of Ventura*, were dismissed for failure to state a claim. (RJN, Ex. C at 1.) This dismissal was partially based on the court's finding that Peyton violated "favorable termination rule" established in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A dismissal based on *Heck* counts as a strike because the dismissal is based on the lack of a "cause of action." *Heck*, 512 U.S. at 489. Accordingly, *Peyton v. City and County of Ventura* counts as another strike against Peyton under the PLRA.

**D.   The Dismissal in *Peyton v. Dammeyer*, 10-5309 UA (AJW), is a Strike.**

On July 27, 2010, Peyton's claims in *Peyton v. Dammeyer* were dismissed without prejudice for failure to state a claim. (RJN, Ex. D at 1.) This lawsuit failed to state a claim because Peyton sued defendants that were not " 'acting under color of state law' for purposes of a section 1983 claim." (*Id.*) Thus, *Peyton v. Dammeyer*, counts as a fourth strike against Peyton under the PLRA.

## II.   PEYTON'S CURRENT LAWSUIT DOES NOT MEET THE IMMINENT-DANGER EXCEPTION.

To satisfy the imminent-danger exception to the three-strikes rule, a plaintiff must allege facts demonstrating that he was "under imminent danger" at the time of filing the complaint. *Andrews v. Cervantes,* 493 F.3d 1047, 1052–53 (9th Cir.2007). Peyton's original and first amended complaints were dismissed for failure to state a claim. (ECF Nos. 11, 12.) The operative complaint is Peyton's second amended complaint and it was filed after Peyton transferred from Salinas Valley State Prison to North Kern State Prison. (ECF No. 18.) Peyton alleges that Defendant Grounds was deliberately indifferent to the gang culture at Salinas Valley and this caused inmates housed at Salinas Valley to face an unnecessary risk of violence and injuries. (ECF No. 1.) But because Peyton was no longer housed at Salinas Valley at the time his second amended complaint was filed, none of his allegations can be construed to allege that he was under imminent danger at the time he filed his complaint. Accordingly, the imminent-danger exception does not apply to Peyton.

///

///

///

///

///

///

# CONCLUSION

Based on his litigation history, Peyton is a "three-strike" litigant and should be barred from proceeding *in forma pauperis*. Furthermore, the imminent-danger exception does not apply to Peyton. Therefore, this Court should revoke Peyton's *in forma pauperis* status under 28 U.S.C. § 1915(g), declare Peyton a "three-strikes" litigant, and dismiss these proceedings unless Peyton tenders the full filing fee.

Dated: November 25, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MARISA Y. KIRSCHENBAUER
Supervising Deputy Attorney General

*/s/ Elliott T. Seals*
ELLIOTT T. SEALS
Deputy Attorney General
*Attorneys for Defendant Grounds*

SF2014409659
41139973.doc

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Peyton v. Grounds*
No.:         **C 13-04232 VC (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>November 25, 2014</u>, I served the attached:

1.   **DEFENDANT'S NOTICE OF MOTION; MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS; MEMORANDUM OF POINTS AND AUTHORITIES**

2.   **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR ORDER REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:


Lee Peyton, AN-8429
North Kern State Prison
P. O. Box 567
Delano, CA 93216
*Pro Se*


I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 25, 2014, at San Francisco, California.

|                   |                   |
|-------------------|-------------------|
| G. Garcia         | /s/ G. Garcia     |
| Declarant         | Signature         |

SF2014409659
41142585.doc