# EXHIBIT A

Case 2:04-cv-09577-FMC-AJW Document 12 Filed 10/31/05 Page 2 of 95 Page ID #:9

DOCKETED ON CM

OCT 3 1 2005

BY _____ 058

CLERK, U.S. DISTRICT COURT

OCT 3 1 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER

LEE E. PEYTON,

        Petitioner,

    v.

JANET ASTON, ET AL.
        Respondent.

CV 04-9577-FMC(AJW)

NOTICE OF FILING
MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION AND
LODGING OF PROPOSED JUDGMENT

TO: All Parties of Record
Lee Edward Peyton #V-14724
Facility E-8-106 Low
P.O. Box 5244, Corcoran, CA 93212

    You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's report and recommendation has been filed and a proposed judgment has been lodged on _____October 31, 2005,_____, copies of which are attached.

    Any party having objections to the report and recommendation and the proposed judgment and/or order shall, not later than November 23,2005 , file and serve a written statement of objections with points and authorities in support thereof before the Honorable Andrew J. Wistrich , U.S. Magistrate Judge.

    Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

    The report and recommendation of a Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until entry of a judgment and/or order by the District Judge.

CLERK, UNITED STATES DISTRICT COURT

Dated: October 31, 2005

By _____ Y. Benavides _____
        Deputy Clerk

Attachments

M-51 (6/98)    **NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND THE LODGING OF PROPOSED JUDGMENT AND/OR ORDER**

```
FILED
CLERK, U.S. DISTRICT COURT

OCT 3 1 2005

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

LEE EDWARD PEYTON,           )
        Plaintiff,           )    No. CV 04-09577 FMC (AJW)
        v.           )
                   )    REPORT AND RECOMMENDATION
DR. JANET ASTON, et al.,           )    OF MAGISTRATE JUDGE
        Defendant(s).           )

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983 alleging violation of his Eighth Amendment rights arising from treatment of his high cholesterol and other maladies. After plaintiff's complaint was dismissed with leave to amend for failure to state a claim upon which relief can be granted, plaintiff timely filed an amended complaint ("FAC"). The amended complaint names as defendants (1) Dr. Janet Aston ("Aston"), who is identified as a physician who provided medical services to plaintiff and other inmates in the custody of the Ventura County Sheriff's Department at the Ventura County Jail; (2) Nicolletta Weeks ("Weeks"), who is identified as the Chief Medical Manager of all Ventura County Sheriff's Department medical staff at the Ventura County jail, and (3) California Forensic Medical Group, Inc. ("CFMG"), which is alleged to be the employer of Aston and Nicolletta Weeks. The individual defendants are sued in their individual capacities only, and CFMG is sued in its official capacity.

The amended complaint alleges that defendants violated plaintiff's Eighth Amendment rights by denying him "adequate non-perfunctory" medical treatment. [FAC 5]. Plaintiff seeks damages and "coverage" for medical problems caused by defendants' alleged constitutional violations.

### Plaintiff's Allegations

The amended complaint and the attached exhibits allege that on July 17, 2003, plaintiff was placed on a "meat-loaf diet" as a disciplinary sanction.[1] Plaintiff initially complained to Dr. Hemsley, who is not named as a defendant in the amended complaint, that the meatloaf diet left him constipated. After about two weeks on the diet, plaintiff complained to Dr. Hemsley of chest pains, constipation, dizziness, and weight loss due to the diet. Dr. Hemsley refused to treat plaintiff for his complaints. Plaintiff continued to experience chest pains, constipation, dizziness, and weight loss, as well as numbness in his hands and feet. He complained almost daily to medical staff and filed administrative grievances.

On or about August 15, 2003, Aston was made aware of plaintiff's cholesterol level of 329 mg/dL (milligrams per deciliter) based on her dated initials on plaintiff's laboratory report. [FAC Ex. B]. Plaintiff saw Aston for the first time on August 22, 2003, when he voiced his medical complaints and concerns to her. She continued plaintiff on Metamucil, which plaintiff had not found effective, and she prescribed lovastatin, a cholesterol-lowering medication.[2] The lovastatin, however, made plaintiff dizzy and nauseated. When plaintiff next saw Aston, he

---

[1]    Because there are multiple duplicative page numbers and unnumbered pages in the FAC, page number citations are omitted.

[2]    Lovastatin is a cholesterol-lowering agent indicated to prevent and treat hyperlipidemia (abnormally high concentration of lipids in the circulating blood)and coronary artery disease. It is sold under the brand names Mevacor and Altoprev, among others. The most frequent adverse events thought to be related to lovastatin are nausea, abdominal pain, insomnia, dyspepsia, headache, asthenia, and myalgia. See Physicians' Desk Reference Mevacor, Altoprev (2005); Stedman's Dictionary of Medicine lipemia (27th ed. 2000).

1  reiterated his complaints, but she responded by providing only "verbal treatment."

2      Plaintiff appeared in state court with his attorney on August 26, 2003 and sought an

3  order for adequate medical care. The court ordered "the Sheriffs Department officials/staff to

4  provide petitioner adequate treatment" and to provide the court with a written report regarding

5  plaintiff's treatment. A second court order to the same effect was issued on September 29,

6  2003.

7      Jointly with Hemsley, Aston made a written report to the court dated September 30,

8  2003. [FAC Ex. A].  The report is in memorandum form on CFMG letterhead.  It is addressed

9  to Judge Edward F. Brodie from Aston and Hemsley, but it is not initialed or signed. [FAC Ex.

10  A].  The report states, in part: .

11      Weight loss may occur if an individual placed on disciplinary [meatloaf] diet

12      refuses to eat it or his/her caloric intake was higher previously. [Plaintiff] lost

13      weight since he was incarcerated, yet our medical records indicate the he <u>weights</u>

14      <u>now</u> [sic] as much as he weighed during previous incarcerations. [Plaintiff's] other

15      complaint, which is the most common complaint, is the constipation.  Such a

16      condition can easily be addressed by increasing the fluid intake and/or an

17      appropriate supplement/medication. [Plaintiff's] blood work-up does not indicate

18      malnourishment. There is a higher cholesterol level than normal, <u>but this was not</u>

19      <u>a fasting study</u> and therefore the elevated cholesterol level is not a valid result.

20      In addition, <u>there is no previous blood work-up</u> to compare and determine if this

21      condition existed before [plaintiff's] incarceration or <u>developed while in the jail</u>.

22      In our clinical opinion, <u>we do not believe</u> that there are any ill effects caused by

23      the meatloaf diet to [plaintiff]; however, because of his continuous concern about

24      his weight, we decided to offer double trays of meatloaf meals and continue to

25      monitor his weight, blood work-up and his physical status.

26  [FAC Ex. A (emphasis in original)].  Plaintiff alleges that Judge Brodie "felt petitioner was at

27  such time being provided adequate medical treatment" and that he apparently relied on Aston's

28

1 report in reaching that conclusion.

2      Plaintiff continued to "hound" Aston about his medical concerns, notably constipation,

3 weight loss and elevated cholesterol. Aston did not "provide treatment to [plaintiff] as she

4 would have a patient at an outside facility," and she told plaintiff so on a visit on September

5 8, 2003. [FAC Exs. C&D].

6      Aston initialed laboratory reports showing a cholesterol level of 298 mg/dL on October

7 1, 2003 and 397 mg/dL on November 13, 2003. Despite her awareness of plaintiff's

8 "excessively high" cholesterol levels and her training and experience treating patients with high

9 cholesterol and heart disease, Aston did not order cessation of the meatloaf diet. Aston denied

10 plaintiff's requests for diagnostic tests, such as arteriography and carotid ultrasound, to

11 ascertain the cause of his constant, sharp chest pains that at times felt "paralyzing" and made

12 him fear for his life and safety. Due to his elevated cholesterol levels, plaintiff's statistical odds

13 of having heart disease or a stroke increased.

14      After about three months in the Ventura County Jail, plaintiff was transferred to Wasco

15 State Prison, where he has relied upon Dr. Win, a physician at that facility, for "treatment to

16 lower [plaintiff's] cholesterol level" and to find "facts [and] treat petitioners chest pains which

17 have slowed ...." Dr. Win prescribed Atorvastatin calcium[3] and fish oil capsules to lower

18 plaintiff's cholesterol.

19     **Standard governing dismissal**

20      The court "shall" dismiss a complaint in a civil action in which a prisoner is proceeding

21 in forma pauperis, or seeks relief against a governmental entity or officer or employee of a

22 governmental entity, if the complaint is frivolous, malicious, fails to state a claim upon which

23 relief may be granted, or seeks monetary relief from a defendant who is immune from such

24

25     [3]  Atorvastatin calcium is the generic name for the brand-name drug Lipitor. It is a
synthetic lipid-lowering agent indicated for the prevention of cardiovascular disease and

26 hypercholesterolemia. The most frequent adverse events thought to be related to

27 atorvastatin calcium are constipation, flatulence, dyspepsia, and abdominal pain. See
Physicians' Desk Reference Lipitor (Thomson PDR 2005).

28

1  relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); see also 42 U.S.C. § 1997e(c)(1). A claim is

2  frivolous if it lacks an arguable basis in either law or fact. Denton v. Hernandez, 504 U.S. 25,

3  31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim

4  upon which relief may be granted if it is clear the plaintiff can prove no set of facts in support

5  of the claim that would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73

6  (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

7       In deciding whether a complaint states a claim upon which relief may be granted, the

8  court may consider only the contents of the complaint, exhibits to the complaint, and facts that

9  are properly the subject of judicial notice. See Sprewell v. Golden State Warriors, 266 F.3d

10  979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); Lee v.

11  City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). The court accepts all allegations of

12  material fact as true, construing them in the light most favorable to the nonmoving party, and

13  draws all reasonable inferences favorable to the nonmoving party. Sprewell, 266 F.3d at 988;

14  Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). The court, however, however,

15  need not "accept as true allegations that contradict matters properly subject to judicial notice

16  or by exhibit." Sprewell, 266 F.3d at 988. Conclusory allegations of law, unwarranted

17  deductions of fact, or unreasonable inferences also are insufficient to withstand dismissal.

18  Sprewell, 266 F.3d at 988; In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

19       Dismissal for failure to state a claim may be based on either: (1) lack of a cognizable

20  legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Group

21  v. Delta Dental Plan of California, Inc., 88 F.3d 780, 783 (9th Cir.) (citing Robertson v. Dean

22  Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)), cert. denied, 519 U.S. 1028

23  (1996). Dismissal also is warranted if an affirmative defense or other bar to relief, such as the

24  statute of limitation, is apparent from the face of the complaint. See TwoRivers v. Lewis, 174

25  F.3d 987, 991 (9th Cir. 1999).

26       Pro se pleadings are held to less stringent standards than those drafted by lawyers and

27  must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

28

1988).  A pro se litigant must be given leave to amend his or her complaint to state a claim

unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment.

See, e.g., Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (stating that leave

to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it

appears at all possible that the plaintiff can correct the defect").

## Discussion

### Dr. Hemsley

Dr. Hemsley was named as a defendant in plaintiff's dismissed complaint but is not

named as a defendant in the amended complaint.  Because the amended complaint supersedes

the original, plaintiff's claims against Dr. Hemsley should be dismissed.  See Forsyth v.

Humana, Inc., 114 F.3d 1467, 1473 (9th Cir. 1997) ("It is the law of this circuit that a

plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an

amended complaint.  This rule is premised on the notion that the amended complaint

supersedes the original, the latter being treated thereafter as non- existent. If a plaintiff fails to

include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any

error in the ruling dismissing the prior complaint.")(internal quotation marks and citations

omitted), aff'd, 525 U.S. 299 (1999); Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.)

(explaining that the fact that a party was named in the original complaint is irrelevant because

an amended pleading supersedes the original, and therefore that a dismissed complaint "cannot

have the effect of filling in the names of the defendants in the later 'et al.' pleading") (citing Hal

Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989) and Loux

v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)), cert. denied, 506 U.S. 915 (1992).

### Nicolletta Weeks

The amended complaint identifies Weeks in her individual capacity as a defendant and

alleges that she acted under color of law as "Chief Medical Manager for Medical

Office/Personnell [sic] therein Ventura County Sheriff's Department." [FAC 3].  There are no

other allegations concerning Weeks.

1    "Generally, supervisory officials are not liable for the actions of subordinates on any

2    theory of vicarious liability under 42 U.S.C. § 1983." Jeffers v. Gomez, 267 F.3d 895, 915 (9th

3    Cir. 2001) (citing Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989)). To state a claim

4    for supervisory liability under section 1983, a plaintiff must allege either a supervisory

5    defendant's personal involvement in the constitutional deprivation, or a causal connection

6    between a supervisor's conduct and the purported violation. Jeffers, 267 F.3d at 915 (internal

7    quotation marks omitted)(quoting Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th

8    Cir. 1991) (en banc), cert. denied, 502 U.S. 1074 (1992) and citing Mackinney v. Nielsen, 69

9    F.3d 1002, 1008 (9th Cir. 1995)). The amended complaint alleges no facts whatsoever to show

10   that Weeks was involved in any alleged deprivation of plaintiff's civil rights. Accordingly,

11   plaintiff's claims against Weeks should be dismissed.

12       **Eighth Amendment claims**

13       Under the Eighth Amendment, a convicted prisoner's constitutional rights may be

14   violated by prison conditions that render his confinement cruel and unusual. Whitley v.

15   Albers, 475 U.S. 312, 319 (1986); Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Prison

16   conditions are cruel and unusual if they result in the wanton and unnecessary infliction of pain.

17   Whitley, 475 U.S. at 319; Rhodes, 452 U.S. at 346. To state an Eighth Amendment claim, the

18   plaintiff must first make an "objective" showing that the deprivation was "sufficiently serious"

19   to constitute an Eighth Amendment violation. Second, the plaintiff must make a "subjective"

20   showing by demonstrating that the defendant acted with a culpable state of mind. Johnson v.

21   Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)),

22   cert denied, 532 U.S. 1065 (2001).

23       An objectively serious medical need exists where

24       the failure to treat the prisoner's condition could result in further significant injury

25       or the unnecessary and wanton infliction of pain. Examples of a serious medical

26       need include: the existence of an injury that a reasonable doctor or patient would

27       find important and worthy of comment or treatment; the presence of a medical

28

7

1      condition that significantly affects an individual's daily activities; or the existence

2      of chronic and substantial pain.

3 McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX

4 Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). Plaintiff's allegations that

5 he had very high cholesterol levels are sufficient to allege the existence of a serious medical need

6 for purposes of his Eighth Amendment claim, particularly when coupled with his complaints

7 of chest pains, constipation, dizziness, and loss of weight.

8      Plaintiff's amended complaint, however, fails to make the required subjective showing

9 by demonstrating that any defendant acted with a subjectively culpable state of mind. In

10 general, a plaintiff can satisfy the subjective component by showing that the defendant knew

11 that the plaintiff faced a substantial risk of serious harm and disregarded the risk by failing to

12 take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 847 (1994);

13 Helling v. McKinney, 509 U.S. 25, 32 (1993); Estelle v. Gamble, 429 U.S. 97, 106 (1976);

14 Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). The defendant must "be aware of facts

15 from which the inference could be drawn that a substantial risk of serious harm exists, and he

16 must also draw the inference." Farmer, 511 U.S. at 837. A defendant's subjective awareness

17 of the risk may be shown directly or "by circumstantial evidence when the facts are sufficient

18 to demonstrate that a defendant actually knew of a risk of harm." Lolli v. County of Orange,

19 351 F.3d 410, 421 (9th Cir. 2003)); see Farmer, 511 U.S. at 842 ("[A] factfinder may conclude

20 that a prison official knew of a substantial risk from the very fact that the risk was obvious.").

21 A defendant, however, is not deliberately indifferent when he or she should have appreciated

22 the risk but in fact did not. See Farmer, 511 U.S. at 838 (stating that an "official's failure to

23 alleviate a significant risk that he should have perceived but did not, ... cannot under our cases

24 be condemned as the infliction of punishment"); Clement v. Gomez, 298 F.3d 898, 904 (9th

25 Cir. 2002) (same).

26      Aston's report to the state court, which is attached as an exhibit to the amended

27 complaint, undermines his claims against Aston in two ways. First, it supplies factual details

28

1   that are not alleged in the amended complaint and that are not contradicted, and those

2   additional facts "fatally undermine" plaintiff's allegations that Aston knew of and consciously

3   disregarded an excessive risk to plaintiff's health. See Sprewell, 266 F.3d at 988-989 (explaining

4   that a plaintiff can "plead himself out of a claim by including unnecessary details contrary to

5   his claims," and holding that an arbitration award attached to the complaint "contained

6   extensive factual allegations" about the nature and circumstances of the plaintiff's physical

7   attack on his coach "that fatally undermined" his claim that his punishment by the National

8   Basketball League was racially motivated); Durning v. First Boston Corp., 815 F.2d 1265, 1267

9   (9th Cir. 1987)("If a complaint is accompanied by attached documents, the court is not limited

10  by the allegations contained in the complaint."); see also Thompson v. Illinois Dep't of

11  Professional Regulation, 300 F.3d 750, 754-755 (7th Cir. 2002) (stating that "where a plaintiff

12  attaches documents and relies upon the documents to form the basis for a claim or part of a

13  claim, dismissal is appropriate if the document negates the claim," and holding that where a

14  plaintiff alleging an unlawful job transfer attached to his complaint a job description for the

15  purpose of describing his former duties, "and no contrary facts were alleged in the actual

16  complaint," the exhibit was "the sole uncontradicted description of the duties" involved).

17      Plaintiff attached to his amended complaint a copy of Aston's report to the state court

18  and he expressly refers to it in the amended complaint.  He relies on the report to show that

19  Aston (and CFMG) had been ordered to provide such a report and had done so; that plaintiff

20  had been placed on the disciplinary meatloaf diet, which was designed in compliance with with

21  California law; that Aston knew about his cholesterol level, weight loss, and constipation; and

22  that Aston refused to discontinue the meatloaf diet.  Thus, plaintiff's claim relies in part on the

23  fact and contents of Aston's report.  If the report "fatally undermines" or negates elements of

24  his Eighth Amendment claim, it provides a proper basis for dismissal.  See Sprewell, 266 F.3d

25  at 988-989.

26      The report corroborates plaintiff's allegation that he was "placed on the [California

27  Uniform Retail Food Facilities Law] meat-loaf diet as a disciplinary sanction used by the

28

1 | Ventura County Sheriff's Deputies pursuant to Title 15 ...." According to a grievance response

2 | attached as an exhibit to plaintiff's complaint, plaintiff was maintained on a "disciplinary

3 | isolation diet" that complied with the Title 15 of the California Code of Regulations.[4] Plaintiff

4 | was served the diet for three days (72 hours) at a time, and on the fourth day he was served

5 | three "regular trays." [FAC Ex. E].

6 |      The imposition of a disciplinary diet that varies from the regular inmate diet is not a <u>per</u>

7 | <u>se</u> violation of the Eighth Amendment. <u>See</u> <u>Keenan v. Hall</u>, 83 F.3d 1083, 1091 (9th Cir.

8 | 1996) (stating that prison food need not be "tasty or aesthetically pleasing," but merely

9 | "adequate to maintain health"), <u>amended on other grounds</u>, 135 F.3d 1318 (9th Cir. 1998);

10 | <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1455-56 (9th Cir. 1993) (holding that temporary imposition

11 | of a disciplinary diet consisting of a solid loaf blended from regular prison foods did not violate

12 | the Eighth Amendment because, while not particularly appetizing, the loaf exceed the inmates'

13 | minimum daily nutritional needs); <u>Adams v. Kincheloe</u>, 743 F. Supp. 1385, 1390-91 (E.D.

14 | Wash. 1990) (holding that no Eighth Amendment violation occurred where the plaintiff had

15 | not shown that a "food loaf" was nutritionally inadequate or "so repulsive that it cannot or

16 | should not be eaten," even though the plaintiff alleged that he suffered some adverse effects

17 | from eating it).

18 | ───────────────

19 |     [4] The regulations governing food service in "local detention facilities" such as the Ventura County Jail provide as follows:

20 |

21 |     A disciplinary isolation diet which is nutritionally balanced may be served to an

22 | inmate.... Such a diet shall be served twice in each 24 hour period and shall consist of one-half of the loaf (or a minimum of 19 oz. cooked loaf) described below or

23 | other equally nutritious diet, along with two slices of whole wheat bread and at least one quart of drinking water if the cell does not have a water supply. The use

24 | of disciplinary isolation diet shall constitute an exception to the three-meal-a-day standard.

25 |

26 | Cal. Code Regs. tit. 15, § 1247(a). The ingredients prescribed by regulation for the "cooked loaf" recipe are nonfat dry milk, potato, carrots, tomato juice or puree, cabbage,

27 | lean ground beef, turkey or textured vegetable protein, oil, whole wheat flour, salt, onion,

28 | 1 egg, red beans, and chili powder. Cal. Code Regs. tit. 15, § 1247(b).

1    Plaintiff alleges that Aston knew that imposition of the meatloaf diet was

2  unconstitutional as to him because she had seen his cholesterol test results, and that given her

3  experience as a physician, education, and training under the "National Cholesterol Education

4  Program" ("NCEP"), she knew plaintiff faced "an immediate danger" but still refused to

5  discontinue the diet. Plaintiff, however, does not allege facts suggesting that the meatloaf diet

6  was higher in cholesterol or saturated fat than the regular inmate diet, and there is nothing in

7  the regulation prescribing the components of that diet to suggest that it is not recommended

8  for someone with high cholesterol.

9    In her report to the state court, Aston acknowledged that plaintiff's cholesterol level was

10  higher than normal, but she stated that plaintiff's cholesterol test result was not valid because

11  it was not obtained by means of a "fasting study."[5]  Plaintiff does not allege that any of his

12  cholesterol readings were obtained by means of a fasting study, nor does he challenge Aston's

13  characterization of his result as "invalid" for lack of a fasting study.

14    Aston also told the state court that because there was no previous blood work-up for

15  comparison, there was no way of determining whether plaintiff's cholesterol level had increased

16  since he had been incarcerated in the Ventura County Jail and placed on the meatloaf diet.

17  Plaintiff does not allege any facts suggesting that Aston was aware of previous blood tests

18  showing that his cholesterol had increased while he was on the diet, and he does not allege that

19  his cholesterol in fact had increased from its pre-incarceration level while he was on the

20  meatloaf diet.

21    Plaintiff alleges that Aston knew of his weight loss, but Aston told the state court that

22  weight loss may result from refusal to eat the meatloaf diet or from reduced calorie

23  consumption compared to the inmate's prior diet. She also said that plaintiff's weight was the

24

25    [5]  The NCEP recommends that screening for total cholesterol be accomplished by
26  means of a fasting study. The Merck Manual of Diagnosis and Therapy ("Merck Manual")
     202 (17th ed. 1999). "A useful clinical appraisal of lipids," including total cholesterol
27  levels, "can usually be made after the patient has fasted for ≥ 12 [hours]." Merck Manual
28  202.

same now as during prior incarcerations (suggesting that his weight was not unusual or abnormal in the context of confinement). In addition, she remarked that his blood work did not show malnourishment. Plaintiff has not challenged Aston's explanation of the reasons for weight loss on the meatloaf diet. He did not contradict Aston's assertion that his weight was similar to what it had been during prior incarcerations, and he did not dispute her statement that his blood work did not show signs of malnutrition.

Plaintiff alleges that Aston knew he was constipated. Aston told the state court that constipation was a common complaint on the meatloaf diet but that it was "easily addressed" by increasing fluid intake or by adding a supplement or medication. Plaintiff alleges in the amended complaint that when Aston saw plaintiff for the first time, she continued him "on Metamucil for constipation that I had been taking which didn't work," and he voiced his complaints to her. Those allegations are sufficient to meet and contradict what Aston said in her report. For reasons that will be explained below, however, they do not show a constitutional deprivation.

Aston's report also "fatally undermines" plaintiff's claims because the report documents Aston's "clinical opinion" and "belief" that plaintiff was not at risk from the meatloaf diet as well as the facts she relied on the support her conclusion. The amended complaint does not contradict those facts insofar as they relate to plaintiff's cholesterol or weight loss, nor does plaintiff allege that Aston secretly believed the meatloaf diet was harmful and deliberately misrepresented her professional opinion to the state court. Instead, he alleges that because Aston knew about his "dangerous" cholesterol levels and the problems he reported, her treatment was "perfunctory" and "inadequate" treatment and was founded on "assumptions" rather than on "founded facts." If Aston subjectively -- albeit unreasonably or wrongly -- believed plaintiff suffered no ill effects from the meatloaf diet, plaintiff's Eighth Amendment claim fails. Cf. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004)(holding that the defendant physician was not deliberately indifferent where she "expressly stated that she never considered use of Cogentin to pose a serious risk, and the record contains no evidence to the

12

1    contrary," even though she knew that the plaintiff previously had been hospitalized for a
2    reaction to that medication). Read together, plaintiff's factual allegations, the uncontradicted
3    facts Aston cited in her report, and Aston's opinion as expressed in that report do not permit
4    the inference that Aston knew of a substantial risk of serious harm to plaintiff from continuing
5    the meatloaf diet. See Sprewell, 266 F.3d at 988-989 (explaining that the plaintiff "pleaded
6    himself out of court" on his racial discrimination claims because factual allegations and findings
7    in an arbitration award attached to his complaint "effectively and persuasively fleshe[d] out the
8    fact that the actions taken by the [defendants] were motivated solely by [the plaintiff's]
9    misconduct," and explaining that it was not giving "preclusive effect to the arbitration award"
10   but rather concluded that those facts "prove fatal to his claims" of discriminatory intent); cf.
11   Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 455-456
12   (7th Cir. 1998)(noting the rule that "where exhibits attached to a complaint negate its
13   allegations, a court is not required to credit the unsupported allegations," and holding where
14   the plaintiffs alleged an intentional cover-up based on inconsistencies between statements
15   allegedly made by the defendant's employee and statements made by the defendant in a letter
16   attached to the complaint but the court found no inconsistency, "[t]he information in these
17   documents did not demonstrate that the inferences the plaintiffs believed we should draw from
18   them were reasonable," and dismissal was appropriate)(citing In re Wade, 969 F.2d 241, 249-
19   250 (7th Cir.1992)).
20        Even if the medical opinion that Aston expressed in her report to the state court is given
21   no weight for purposes of this analysis, plaintiff has failed to allege facts showing that Aston
22   knew of a substantial risk of serious harm to him. The gist of plaintiff's allegations is that an
23   excessive risk of harm was obvious from his cholesterol readings, subjective symptoms, and
24   weight loss. The facts that plaintiff relies on to show that the risk was obvious, however, were
25   explained, clarified, or discounted by Aston in her report to the state court. As explained
26   above, Aston said that plaintiff's cholesterol readings were invalid, that there were no previous
27   blood test results for comparison to assess the effects of the meatloaf diet, that plaintiff's weight

13

1  was the same as during his prior incarceration, and that plaintiff's blood work did not show

2  malnourishment.

3        Aston's report demonstrates that, based on the information she possessed about the

4  meatloaf diet, plaintiff's history, and his medical condition, it was not obvious that the diet

5  posed a substantial risk of serious harm to plaintiff, and therefore actual knowledge of such a

6  risk may not be imputed to her for purposes of plaintiff's Eighth Amendment claim.  See

7  generally Sprewell, 266 F.3d at 988 (stating that the court need not accept as true allegations

8  that contradict facts shown in an exhibit to a complaint and need not draw unreasonable

9  inferences in favor of plaintiff).  Moreover, plaintiff alleges that the state court apparently relied

10  on that report to conclude that plaintiff was receiving adequate medical care.  The state court's

11  willingness to accept Aston's opinion further negates the inference that risk to plaintiff was

12  obvious under the circumstances presented in Aston's report.

13        For these reasons, the facts alleged in the amended complaint and attached exhibits do

14  not establish that Aston was aware that plaintiff faced a substantial risk of serious harm on

15  account of his medical condition, and his complaint fails to state a cognizable Eighth

16  Amendment claim.

17        Even if plaintiff could show that Aston perceived such a risk, moreover, she was not

18  deliberately indifferent to his serious medical needs unless she also consciously disregarded that

19  risk by purposefully ignoring or failing to respond to the plaintiff's pain or medical needs, by

20  intentionally denying, delaying, or interfering with the plaintiff's medical care, or by the

21  manner in which the medical care is provided.  Estelle, 429 U.S. at 104-105; Hallett, 296 F.3d

22  at 744-745.  Plaintiff does not allege that Aston ignored his requests or denied him care, but

23  he claims that she provided "perfunctory," inadequate care, and that she wrongly denied his

24  requests for cessation of the meatloaf diet and for certain diagnostic tests.  Plaintiff also

25  complains that Aston refused to provide him with the same care she would have provided to

26  a patient at an "outside facility."

27        "Deliberate indifference is a high legal standard" and is not satisfied by showing medical

28

malpractice or negligence. <u>Toguchi</u>, 391 F.3d at 1060; <u>see</u> <u>Estelle</u>, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Plaintiff's allegations about the "perfunctory" treatment that Aston prescribed might suggest the possibility of negligence, but they do not state an Eighth Amendment claim. Plaintiff alleges that Aston prescribed lovastatin for his high cholesterol, which is one of the class of statin drugs used to treat that condition. It is in the same class of drugs as atorvastatin calcium, the medication that plaintiff was prescribed on his transfer to Wasco State Prison and that he says has been somewhat effective.[6] Plaintiff complains that the lovastatin made him dizzy and nauseated and has "about 16 adverse" effects, but the expected adverse effects for lovastatin are similar to those for atorvastatin calcium. [<u>See</u> nn.2, 3 & 5, <u>supra</u>]. Moreover, plaintiff complained that he experienced dizziness even before Aston prescribed lovastatin, so the causal connection is tenuous at best. In any event, the fact that plaintiff experienced some expected, low-level side effects from lovastatin does not show the "wanton infliction of pain" proscribed by the Eighth Amendment or conscious disregard of an excessive risk to plaintiff's health. <u>Cf.</u> <u>Toguchi</u>, 391 F.3d at 1058 (allegation that another drug was superior to the drug prescribed by the defendant physician held insufficient to raise a material issue of fact regarding deliberate indifference).

Similarly, plaintiff alleges that Aston prescribed Metamucil, which he had not found effective for his constipation. Even assuming that Aston knew that and did not alter her approach, her actions resulted, at most, in constipation that was treated but not resolved for about three months after she began treating plaintiff, until he was transferred to a different institution. In the absence of allegations of that Aston knew that plaintiff's constipation resulted in significant pain or other medical complications, that does not show conscious

---

[6]     Lovastatin and atorvastatin are statin drugs (3-hydroxy-3-methylglutaryl coenzyme A reductase inhibitors) and are used to treat high cholesterol with elevated LDL (low density lipoproteins), a component of total cholesterol. Statin drugs enhance clearance of low density lipoproteins by "[c]ompetitively inhibiting the early state of cholesterol biosynthesis." <u>Merck Manual</u> 208; <u>see generally</u> <u>Merck Manual</u> 201-210.

disregard of an excessive risk of harm. See, e.g., Canell v. Multnomah County, 141 F.Supp.2d 1046, 1054 (D. Or. 2001)(inmate who developed a fungus on his foot, sores in his nose, constipation and a winter cold had de minimis complaints); Gill v. Stoune, 2004 WL 1318055, *4 (D. Or. 2004)(where the plaintiff had severe, persistent abdominal problems, including constipation, that had not been resolved despite extensive treatment, defendants were not deliberately indifferent); cf. Gil v. Reed, 381 F.3d 649, 662-664 (7th Cir. 2004)(reversing summary judgment in favor of a prison physician on an Eighth Amendment claim where the defendant three times prescribed a medication a specialist had warned against because of the dangers of constipation for the plaintiff (who had twice undergone rectal surgery) and who cancelled two of the three laxatives prescribed by the specialist, and the plaintiff suffered severe constipation, much pain, rectal bleeding, and an inability to urinate).

Plaintiff also alleges that Aston's treatment was "impotent" and "perfunctory" because keeping him on the meatloaf diet "defeated" attempts to lower his cholesterol with medication. Plaintiff's (non-fasting) cholesterol level was 329 mg/dL on August 14, 2005, about a week before Aston prescribed lovastatin, and dropped to 298 mg/dL by September 28, 2003, so initially there was at least some improvement. By November 5, 2003, however, his cholesterol was up to 397 mg/dL. Plaintiff's allegations that the disciplinary diet rendered his drug therapy uneffective are conclusory. More to the point, nothing in the complaint shows that Aston knew that keeping plaintiff on the disciplinary diet made his lovastatin treatment ineffective and posed an excessive risk of harm to plaintiff. See Toguchi, 391 F.3d at 1059 (explaining that even if the defendant physician had administered a combination of medications that was life-threatening for someone in the patient's condition, the claim would be one of negligence because deliberate indifference requires that the physician have known that administering the drugs could be lethal under the circumstances).

Plaintiff's disagreement with Aston's decision denying his requests for arteriorgraphy or ultrasound also are insufficient to show deliberate indifference. Where there is "nothing more than 'a difference of medical opinion as to the need to pursue one course of treatment over

1   another,'" there is no Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330, 332

2   (9th Cir.)(quoting Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), cert. denied,

3   519 U.S. 1029 (1996). The prisoner "must show that the chosen course of treatment 'was

4   medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an

5   excessive risk to the prisoner's health.'" Toguchi, 391 F.3d at 1058 (quoting Jackson, 90 F.3d

6   at 332). Plaintiff's mere difference of opinion with Aston does not satisfy this "high standard."

7          For all of the foregoing reasons, the amended complaint fails to state a section 1983

8   Eighth Amendment claim against Aston.  Plaintiff's claims against Aston therefore should be

9   dismissed.

10          **CFMG**

11          Those who are liable under section 1983 include "[e]very person who, under color of any

12  statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

13  Columbia" who subjects another United States citizens to the deprivation of any rights,

14  privileges, or immunities secured by the Constitution and laws.  Local governments, municipal

15  corporations, and school boards are "persons" subject to liability under the statute.  Monell v.

16  Department of Social Servs., 436 U.S. 658, 690-691 (1978).  Conduct by a private corporation

17  that constitutes state action for Fourteenth Amendment purposes will also constitute action

18  under color of state law under section 1983.  See Lugar v. Edmonson Oil Co., 457 U.S. 922,

19  936-939 (1982). There is no precise formula to determine whether or not a private entity is

20  engaging in state action.  United States Supreme Court decisions have considered a "host of

21  facts," including whether or not the state exercised "coercive power" or provided "significant

22  encouragement," whether there was "joint participation" between the private party and the

23  state, whether the private party was delegated a public function, and whether the private party

24  was entwined with the government. See Brentwood Academy v. Tennessee Secondary School

25  Ass'n, 531 U.S. 288, 295 (2001).

26          The amended complaint alleges that CFMG is the employer of Aston and Weeks and

27  "is subcontracted to the Ventura County Sheriff's Department Jail providing treatment to

28

                                          17

1  inmates." [FAC 4]. The amended complaint also alleges that CFMG "was aware of [plaintiff's]

2  appeal of complaints to Honorable Brodie" in the state court and "was order[ed] to provide

3  Honorable Brodie" with a report about plaintiff's medical treatment, and that CFMG provided

4  a report in the form of an unsigned memorandum from Aston and Dr. Hemsley written on

5  CFMG letterhead.

6       As stated above, the doctrine of respondeat superior or vicarious liability does not apply

7  in section 1983 suits. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has

8  not alleged any facts showing that CFMG itself participated in or caused any alleged

9  deprivation of the his Eighth Amendment rights. Even assuming that CFMG knew about

10 plaintiff's complaints about his medical care in state court and about the report filed by Dr.

11 Hemsley and Aston expressing their medical opinion, that would not be enough to show that

12 CFMG knew of, and failed to prevent, a constitutional violation. In addition, the amended

13 complaint fails to state a claim against Aston or any other CFMG employee for violating

14 plaintiff's rights, so regardless of what CFMG knew or when, its failure to intervene is not

15 actionable under section 1983.

16                              **Recommendation**

17      For the reasons explained above, the amended complaint fails to state a claim for

18 violation of plaintiff's federal rights. Plaintiff was advised of the deficiencies in his Eighth

19 Amendment claims against the individual defendants and CFMG in the order dismissing his

20 original complaint. Although he attempted to correct those deficiencies, the amended

21 complaint fails to state a cognizable section 1983 claim. Because it does not "appear at all

22 possible that the plaintiff can correct the defect," Lopez, 203 F.3d at 1130, it is recommended

23 that the complaint be dismissed with prejudice for failure to state a claim upon which relief can

24 be granted.

25      DATED: October 31, 2005

26

27                              ANDREW J. WISTRICH
                                United States Magistrate Judge
28

                                   18

LODGED
CLERK, U.S. DISTRICT COURT

OCT 3 1 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

SCANNED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LEE EDWARD PEYTON, | ) | |
| Plaintiff, | ) | No. CV 04-09577FMC (AJW) |
| v. | ) | |
| | ) | J U D G M E N T |
| DR. JANET ASTON, et al., | ) | |
| Defendants. | ) | |

IT IS HEREBY ADJUDGED that the action is dismissed with prejudice.

DATED: _____, 2005

_____
FLORENCE-MARIE COOPER
United States District Judge

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

JAN - 5 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LEE EDWARD PEYTON, | Case No. CV 04-09577 FMC (AJW) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| DR. JANET ASTON, et al., | |
| Defendant(s). | |

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has reviewed the entire record in this action, the attached Report and Recommendation of Magistrate Judge ("Report"), and the objections thereto. Good cause appearing, the Court concurs with and adopts the findings of fact, conclusions of law, and recommendations contained in the Report after having made a de novo determination of the portions to which objections were directed.

**IT IS SO ORDERED**.

DATED: _Jan. 5_ , 2006

FLORENCE-MARIE COOPER
United States District Judge

DOCKETED ON CM

JAN - 6 2006

BY                    010

ENTERED
CLERK, U.S. DISTRICT COURT

JAN - 6 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

JAN - 5 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LEE EDWARD PEYTON, | ) |
|          Plaintiff, | )   No. CV 04-09577FMC (AJW) |
|     v. | ) |
| | )   J U D G M E N T |
| DR. JANET ASTON, et al., | ) |
|          Defendants. | ) |

**IT IS HEREBY ADJUDGED** that the action is dismissed with prejudice.

DATED: _Jan. 5_____, 2006

FLORENCE-MARIE COOPER
United States District Judge

17

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE PEYTON, #V-14724, | Civ. No. 2:08-00639 HWG |
| Plaintiff, | |
| vs. | |
| TOM FELKER; PERRY; SPEHLING; D. HITT; SCHIRMER; CASEY; BARNES; PLAINER; HITCHCOCK; STATTI; SPANGLE; CULLISON; INGWERSON; GULLION; KOENIG; BEAUMILLER; FLORES; PUNT; SHRUM; and TILTON, | |
| Defendants. | |

**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**

Plaintiff Lee Peyton filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  He alleges that while incarcerated at High Desert State Prison, Defendant prison officials used excessive force against him, denied him adequate medical care, prohibited him from presenting witnesses at disciplinary hearings, and retaliated against him for filing complaints and practicing his religion.

Plaintiff's First Amended Complaint is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1), with leave to amend.

**STATUTORY SCREENING OF THE COMPLAINT**

Federal district courts are required to screen cases in

1

which prisoners seek redress from a governmental entity or its officers or employees.  28 U.S.C. § 1915A(a).  The court must dismiss the complaint if the plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim fails to state a claim on which relief may be granted if it appears that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).

During screening, the court must accept as true the

2

allegations of the complaint, <u>Hosp. Bldg. Co. v. Rex Hosp. Tr.</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969); <u>Bernhardt v. L.A. County</u>, 339 F.3d 920, 925 (9th Cir. 2003) (the court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).  The court is not required to accept as true, however, the plaintiff's conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*); <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995).  A district court should not, however, advise the litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers."  <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004); <u>Lopez</u>, 203 F.3d at 1131 n.13.

**ANALYSIS**

To sustain an action under section 1983, a plaintiff must show: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct

3

deprived the plaintiff of a federal constitutional or statutory right." <u>Hydrick v. Hunter</u>, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Mere allegations that a right secured by a state law has been violated do not satisfy the first element of a claim under § 1983. <u>Lovell v. Poway Unified School District</u>, 90 F.3d 367, 370-71 (9th Cir. 1996).

**A.   Plaintiff's Eighth Amendment Claims Are Dismissed, With Leave To Amend**

Plaintiff alleges that Defendants Gullion, Flores, Koenig, Beaumiller, and Punt violated his rights under the Eighth Amendment to the United States Constitution. (First Amended Complaint at ¶¶ 1-3, Doc. 19.)

**1.   Plaintiff's Eighth Amendment excessive force claims**

An officer's use of excessive force violates the Eighth Amendment only when the inmate is subjected to the "unnecessary and wanton infliction of pain." <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992) (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)). To decide whether force inflicts "unnecessary and wanton" pain, courts must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson</u>, 503 U.S. at 6-7. "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of

4

a sort 'repugnant to the conscience of mankind.'" <u>Id.</u> at 9-10 (internal citations omitted).

A prison official may also violate the Eighth Amendment by failing to intervene when fellow officers use excessive force. <u>Robins v. Meecham</u>, 60 F.3d 1436, 1442 (9th Cir. 1995) (internal citations omitted).

### a.   Plaintiff's Eighth Amendment excessive force claims against Defendants Gullion, Beaumiller, and Koenig are dismissed, with leave to amend

Plaintiff alleges that on November 11, 2006, while being escorted between cells, Defendant Gullion placed Plaintiff in restraints, which cut off his blood circulation.  (First Amended Complaint at ¶ 1.)  Plaintiff also alleges that Defendants Beaumiller and Koenig witnessed Defendant Gullion's actions but failed to intervene.  (<u>Id.</u>)

Plaintiff fails to allege sufficient facts to state an Eighth Amendment claim for excessive force.  He does not describe the extent of the injury suffered, besides the temporary cutting off of blood circulation, and he does not allege that being placed in restraints was unnecessary to maintain discipline.  He also fails to allege that Defendants Beaumiller and Koenig, as witnesses, were aware of his pain or that any of the three Defendants acted maliciously or sadistically.  Plaintiff's claims against Defendants Gullion, Beaumiller, and Koenig are dismissed, with leave to amend.

5

      **b.**   **Plaintiff's Eighth Amendment excessive force claim against Defendant Flores is dismissed, with leave to amend**

     Plaintiff alleges that on August 4, 2007, Defendant Flores pushed him, causing Plaintiff to sustain a "laceration to his right hand middle finger."  (First Amended Compl. at ¶ 2.)

     Plaintiff fails to allege sufficient facts to state an Eighth Amendment claim for excessive force.  He does not describe the extent of the injury suffered, besides the laceration itself, and he does not allege that Defendant Flores acted maliciously or sadistically.  Plaintiff's claims against Defendant Flores are dismissed, with leave to amend.

      **c.**   **Plaintiff's claims against Defendants Plainer and Shrum are dismissed, with leave to amend**

     Plaintiff alleges that immediately prior to the August 4, 2007 pushing incident, Defendant Plainer ordered Defendant Shrum not to make copies of legal exhibits related to this case. (First Amended Compl. at ¶ 2.)

     It is unclear whether these allegations are background for the August 4, 2007 pushing incident, or a separate cause of action.  Plaintiff fails to allege whether he was later permitted to make copies, whether these actions violated his constitutional rights, or whether Defendants lacked a legitimate correctional goal in prohibiting him from copying documents.  To the extent Plaintiff intends to allege a separate cause of action against Defendants Plainer and Shrum, his claims are dismissed, with

leave to amend.

>    **2.    Plaintiff's Eighth Amendment inadequate medical
>           care claims against Defendants Flores and Punt are
>           dismissed, with leave to amend**

Prison officials violate the Eighth Amendment's prohibition
against cruel and unusual punishment when they act with
deliberate indifference to an inmate's serious medical needs.
Estelle v. Gamble, 429 U.S. 97, 104-105 (1976).  This standard
contains both subjective and objective components.  The
subjective component requires proof that officials acted with
deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 847
(1994).  The objective component requires proof that the
deprivation was sufficiently serious.  Id. at 834 (citing Wilson
v. Seiter, 501 U.S. 294, 298 (1991)).

"Deliberate indifference" exists when a prison official
knows that an inmate faces a substantial risk of serious harm to
his health and fails to take reasonable measures to abate the
risk.  Farmer, 511 U.S. at 847.  Medical needs are "serious" when
the failure to treat a prisoner's condition could result in
further significant injury or the "unnecessary and wanton
infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th
Cir. 1992) (overruled on other grounds by WMX Technologies, Inc.
v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)).

Plaintiff alleges that on August 4, 2007, Defendant Flores
refused to contact medical staff to treat Plaintiff's laceration.

(First Amended Complaint at ¶ 2.)  Plaintiff also alleges that
after being told about the laceration, Defendant Punt refused to
conduct a medical injury report.  (Id. at ¶ 3.)

Plaintiff fails to allege sufficient facts that would
satisfy either the subjective or objective components of an
Eighth Amendment claim for inadequate medical care.  For the
subjective component, Plaintiff does not allege that either
Defendant Flores or Punt was aware of the seriousness of his
injury.  For the objective component, Plaintiff does not allege
that his "laceration" was a serious injury, as required by the
Eighth Amendment.  Plaintiff's Eighth Amendment claims against
Defendants Flores and Punt for failure to provide adequate
medical care are dismissed, with leave to amend.

## B.   Plaintiff's Fourteenth Amendment Procedural Due Process Claims Are Dismissed, With Leave To Amend

Plaintiff alleges that in nine separate disciplinary
hearings, he was denied the right to present witnesses, and in
some hearings was denied access to evidence or to an
investigator.  (First Amended Complaint at ¶¶ 5-8 and 10-15.)  He
makes these allegations against Defendants Perry, Felker,
Plainer, Statti, Spangle, Tilton, and Ingwerson.  (Id.)
Plaintiff also alleges that Defendant Schirmer witnessed and
reported an incident that took place on January 18, 2007.  (Id.
at ¶ 9.)  Plaintiff alleges that on February 24, 2007, Defendant
Schirmer improperly served as a hearing officer in the

8

disciplinary matter arising out of the January 18, 2007 incident.  (Id.)

Prisoners may be entitled to certain due process protections when charged with a disciplinary violation.  Wolff v. McDonnell, 418 U.S. 539, 564-566 (1974).  These protections include the right to call witnesses, to present documentary evidence, and to have a written statement by the fact finder as to the evidence relied on and reasons for the disciplinary action.  Id.

In Sandin v. Conner, the Supreme Court of the United States held that these protections only apply when the disciplinary action leads to a restraint of freedom: (1) that exceeds the prisoner's sentence in "an unexpected manner," such as transfer to a mental hospital or the involuntary administration of drugs; or (2) that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 472, 484 (1995) (internal citations omitted).  For the second category of restraint of freedom, the Sandin court considered the following factors: (1) whether the disciplinary action resulted in confinement that "mirrored those conditions imposed upon inmates in administrative segregation and protective custody"; (2) the duration of the confinement and the degree of restriction; and (3) whether the confinement affected the duration of the inmate's sentence.  Id. at 486-487.

Plaintiff fails to allege sufficient facts to state a claim

9

that Defendants violated his Fourteenth Amendment due process
rights in any of the nine separate disciplinary hearings.  For
many of the disciplinary hearings, Plaintiff does not allege that
the hearing resulted in any hardship, such as placement in
disciplinary or administrative segregation, or that the hearing
affected the duration of his sentence.  For other disciplinary
hearings, Plaintiff alleges that he was placed in administrative
segregation, but he fails to allege the duration of his
segregation or how the segregation was an atypical or significant
hardship.  Plaintiff's Fourteenth Amendment due process claims
are dismissed, with leave to amend.

## C.   Plaintiff's Retaliation Claims Are Dismissed, With Leave To Amend

Plaintiff alleges that on separate occasions, Defendants
Spehling, Hitt, Casey, Barnes, and Ingwerson retaliated against
him by filing false disciplinary reports, after Plaintiff
exercised his First Amendment rights to file complaints and
advocate for other inmates.  (First Amended Complaint at ¶¶ 9-11
and 13-14.)

In Rhodes v. Robinson, the Ninth Circuit Court of Appeals
held that prisoners have a First Amendment right to file prison
grievances and that retaliation against prisoners for exercising
this right is a constitutional violation.  408 F.3d 559, 566 (9th
Cir. 2005) (internal citation omitted).  The Rhodes court
established five elements of a "viable claim of First Amendment

10

retaliation" in the prison context:  (1) an assertion that a
state actor took some adverse action against an inmate
(2) because of (3) that prisoner's protected conduct, and that
such action (4) chilled the inmate's exercise of his First
Amendment rights, and (5) the action did not reasonably advance a
legitimate correctional goal.  Id. at 567-568 (internal citations
omitted).  A prisoner who fails to allege a chilling effect can
state a claim by alleging that he suffered some other harm.  Id.
at 568 n.11 (internal citation omitted).

   Plaintiff fails to allege sufficient facts to state a First
Amendment retaliation claim against Defendants Spehling, Hitt,
Casey, and Barnes.  Plaintiff's claims are conclusory.  He does
not allege that Defendants lacked a legitimate correctional goal
in filing disciplinary reports against him, and he does not
describe the facts underlying the disciplinary reports.  Instead,
Plaintiff makes conclusory assertions that the disciplinary
reports were "false" or "frivolous."  Plaintiff's First Amendment
retaliation claims are therefore dismissed, with leave to amend.

**D.   Plaintiff's Free Exercise of Religion Claims Are Dismissed,
       With Leave To Amend**

   Plaintiff alleges that on separate occasions, Defendants
Hitchcock and Cullison retaliated against him after Plaintiff
exercised his First Amendment right to practice his religion.
(First Amended Complaint at ¶¶ 12 and 14.)

   In Malik v. Brown, the Ninth Circuit Court of Appeals held

11

that prison inmates retain the First Amendment right to free exercise of religion.  16 F.3d 330, 332 (9th Cir. 1994) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)).  The appellate court also held that retaliation claims must satisfy two criteria: (1) the inmate's proffered belief must be sincerely held; and (2) the claim must be rooted in religious belief, not in "purely secular" philosophical concerns.  Id. at 333 (internal citations omitted).  Even if an action impinges on the inmate's right to exercise his religion, the action is valid if it is reasonably related to legitimate penological interests.  Id. at 333-334 (internal citations omitted).

Plaintiff fails to allege sufficient facts to state a free exercise of religion First Amendment retaliation claim against Defendants Hitchcock and Cullison.  Plaintiff's claims are conclusory.  He does not allege that he is practicing any religion or explain how his actions are rooted in those religious beliefs.  He also does not allege that Defendants had no legitimate correctional goal in filing disciplinary reports against him.  Plaintiff's free exercise of religion First Amendment retaliation claims are dismissed, with leave to amend.

## LEAVE TO AMEND

The Court must construe *pro se* pleadings liberally and afford *pro se* litigants the benefit of any doubt.  As the Court is unable to determine whether amendment to this pleading would

12

be futile, leave to amend is granted.

By January 12, 2010, Plaintiff may submit a Second Amended Complaint to cure the deficiencies discussed above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing the Second Amended Complaint. If Plaintiff fails to use the court-approved form, the Court may strike the Second Amended Complaint and dismiss this action without further notice.

In any amended complaint, Plaintiff must write short, plain statements explaining: (1) the constitutional right Plaintiff believes was violated; (2) the name of each individual defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct. Rizzo v. Goode, 423 U.S. 362, 371-72 (1976). Plaintiff must repeat this process for each person he names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," and it must be retyped

13

or rewritten in its entirety on the court-approved form and may not incorporate any part of the Original or First Amended Complaints by reference.

Any amended complaint supercedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992). After amendment, the Court will treat the Original and First Amended Complaints as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the Original or First Amended Complaints is waived if it is not raised again in the Second Amended Complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## 28 U.S.C. § 1915(g)

Plaintiff is further **NOTIFIED** that the First Amended Complaint has been dismissed for failure to state a claim. If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal will count as a "strike" under 28 U.S.C. § 1915(g).[1]

## CONCLUSION

1.   Plaintiff's First Amended Complaint, filed April 1,

---

[1] 28 U.S.C. § 1915(g) states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

2009, (Doc. 19), is **DISMISSED**, pursuant to 28 U.S.C.
§§ 1915A and 1915(e)(2), for failure to state a claim
on which relief may be granted:

A.    Plaintiff fails to state an Eighth Amendment
      excessive force claim against any Defendant, and
      these claims are **DISMISSED**, with leave to amend;

B.    Plaintiff fails to state an Eighth Amendment
      claim for inadequate medical care against any
      Defendant, and these claims are **DISMISSED**, with
      leave to amend;

C.    Plaintiff fails to state a Fourteenth Amendment
      procedural due process claim against any
      Defendant, and these claims are **DISMISSED**, with
      leave to amend;

D.    Plaintiff fails to state a First Amendment
      retaliation claim, either in connection with
      filing complaints or free exercise of religion,
      against any Defendant, and these claims are
      **DISMISSED**, with leave to amend;

2.  Plaintiff is given leave to amend and is **GRANTED** up to
    and including January 12, 2010, to file a Second
    Amended Complaint curing the deficiencies discussed
    above.  Plaintiff is **NOTIFIED** that the Second Amended
    Complaint may not add new claims or new defendants that

were not involved in the conduct, transactions, or occurrences set forth in the Original and First Amended Complaints.  Fed. R. Civ. P. 15(c).  The Second Amended Complaint "shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading."  Local Rule 15-220.  After amendment, the Court will treat the Original and First Amended Complaints as nonexistent.

3.   If Plaintiff fails to file a Second Amended Complaint by January 12, 2010, the Clerk of Court is **DIRECTED** to enter judgment of dismissal of this action with prejudice, clearly stating that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

4.   The Clerk of Court is **DIRECTED** to send Plaintiff a prisoner civil rights complaint form so that he may amend the First Amended Complaint.

5.   At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate.

The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.   Plaintiff's Original Complaint named over one hundred Defendants, many of which have been omitted from the First Amended Complaint.  The Clerk of Court is **DIRECTED** to terminate the following Defendants: Arnold Schwarzenegger; Edmond Brown; Leann Chrones; M. McDonald; T. Perez; R. Wong; M. Wright; S. Babich; M. Dangler; D. Jackson; Cummings; Mason; Kelly; T. Lockwood; Lyons; W. Patton; Mimick; A. Audette; Williams; C. Brewer; B.W. Koller; Leighton; J Look; D. Noyes; M. Bortle; K. Hassell; C. Gribel; Kitch; J. Leone; Pillard; McQueen; Barton; B.P. Kalbach; Wilson-Young; T. Moore; B. Rana; Haas; Martinez; S. Doyle; K. Miller; L. Carter; D. Brooks; T. Cobb; E. Bowls; R. Lucas; J. Cook; B. Nichols; K. Swart; Norcoss; B. Sears; P. Judge; J. Hook; O. Smith; B. Hollingsworth; J. Hubbard; Rippetoe; Flice; J. Robinson; Flaherty; J. McGuire; Lysiak; Dr. Kelly; Dr. Murray; G. Speers; Dr. French; E.J. Schirmer; Hernandez; Dr. S.M. Roche; A. David; Hansen;

D.E. Vanderville; R. Floto; C. Nichols; C. Scott;

D.L. Runnels; R. Pimental; P. Enriquez;

B. Hollingsworth; K.J. Allen; K. Holmes; McCoy; R.

Celis; Rainwater; St. Dennis; C. Lower; Hastey; Murphy;

T. Smith; W. Bennett; Ciggibel; Cizin; Kitch; and T.

Fannon.

7.   The following Defendants remain:  Tom Felker; Perry;

Spehling; D. Hitt; Schirmer; Casey; Barnes; Plainer;

Hitchcock; Statti; Spangle; Cullison; Ingwerson;

Gullion; Koenig; Beaumiller; Flores; Punt; Shrum;

and Tilton.


IT IS SO ORDERED.

DATED: December 4, 2009, Honolulu, Hawaii.



                              /S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge


PEYTON v. FELKER, *et al.*; Civ. No. 2:08-00639 HWG; **ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND.**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

**JUDGMENT IN A CIVIL CASE**

**LEE PEYTON,**

CASE NO: **2:08–CV–00639–HWG**

v.

**JAMES TILTON, ET AL.,**

_____

**XX** –– **Decision by the Court.** This action came to trial or hearing before the Court. The issues
have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

**THAT JUDGMENT IS HEREBY ENTERED IN ACCORDANCE WITH THE
COURT'S ORDER OF 12/7/09**

**Victoria C. Minor**
Clerk of Court

ENTERED:  **January 21, 2010**

by: /s/  J. Donati_____
Deputy Clerk

# EXHIBIT C

FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

2010 JUL 27  PM 12: 00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

BK #1206385
LEE PEYTON,

PLAINTIFF(S),

v.

CITY AND COUNTY OF VENTURA, et al.,

DEFENDANT(S).

CASE NUMBER

CV 10-5313 UA (AJW)

ORDER RE LEAVE TO FILE ACTION

WITHOUT PREPAYMENT OF FULL FILING FEE

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $_____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. §1915.

Dated: _____          _____
                                                  UNITED STATES MAGISTRATE JUDGE

■   **IT IS RECOMMENDED** that the application of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

☐ **District Court lacks jurisdiction**

☐      **Inadequate showing of indigency**

■      **Frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)&(g)**

☐      **Failure to provide certified copy of trust fund statement for the last six (6) months.**

☐      **Failure to authorize disbursements from prison trust account to pay filing fee**

■      **Seeks monetary relief from a defendant immune from such relief.**

■      **This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. See O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).**

■Comments: Plaintiff seeks to sue the Ventura County District Attorney, plaintiff's former criminal defense attorney, plaintiff's former public defender, and the City and County of Ventura for monetary and injunctive relief for alleged due process violations in connection with plaintiff's entry into plea agreements in 1998 and 2003, resulting in criminal convictions. Plaintiff also alleges that defendants engage in a "general practice"of violating criminal defendants' rights in connection with pleas colloquies and plea agreements.

Plaintiff's complaint does not state a section 1983 claim against his former defense counsel. Neither an appointed public defender nor retained defense counsel qualifies as a person acting "under color of state law" for purposes of a section 1983 claim. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Simmons v. Sacramento County Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003).

Plaintiff cannot sue the Ventura County District Attorney in his official capacity for damages in federal court because California district attorneys "act as state officials, and so possess Eleventh Amendment immunity, when 'acting in their prosecutorial capacity.'" Del Campo v. Kennedy, 517 F.3d 1070, 1073 (9th Cir. 2008)(quoting Weiner v. San Diego County, 210 F.3d 1025, 1028 (9th Cir. 2000)).

Furthermore, where, as here, a prosecutor's alleged misconduct occurred in the course of representing the State as an advocate, absolute immunity shields the prosecutor from section 1983 damages claims against him in his individual capacity. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976)(holding that "in initiating a prosecution and

Page 1 of 3

Case 2:10-cv-05313-UA (AJW) Document 6 Filed 07/27/10 Page 46 of 95 Page ID #:20
Peyton v. City and County of Ventura, et al., CV 10-5313 UA (AJW)
*continued from page 1*

in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"); see Van de Kamp v. Goldstein, — U.S —, 129 S.Ct. 855, 860-861 (2009)(stating that under the Supreme Court's "functional approach" to absolute prosecutorial immunity, "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process'"are immunized)(quoting Imbler, 424 U.S. at 430).

Additionally, plaintiff's section 1983 damages claims amount to a collateral attack on legality of the criminal convictions resulting from his allegedly unlawful plea agreements. Because plaintiff has not alleged or shown that those convictions were "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," his section 1983 claims challenging the lawfulness of his plea agreements are premature. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

In general, a claim that challenges the fact or duration of a prisoner's conviction or confinement should be addressed by filing a habeas corpus petition. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). In his complaint and an attached memorandum, however, plaintiff alleges that habeas relief is unavailable because he has "long since completed served out" the prison terms resulting from his allegedly tainted convictions. Plaintiff alleges that he "only recently discovered these violations of his constitutional rights through his diligent legal research" in a subsequent criminal case in which plaintiff is representing himself. Citing the reasoning of the concurrence in Spencer v. Kemna, 523 U.S. 1 (1998), plaintiff contends that the unavailability of habeas relief exempts him from Heck's "favorable termination rule."

Even assuming that habeas relief is unavailable to challenge plaintiff's prior convictions resulting from the allegedly unlawful plea agreements, plaintiff's section 1983 claims are not exempt from Heck's favorable termination rule. Standing alone, the fact that a section 1983 plaintiff "is no longer in custody and thus cannot overturn his prior convictions by means of habeas corpus does not lift Heck's bar." Guerrero v. Gates, 442 F.3d 697, 704 (9th Cir. 2006). As the Ninth Circuit has explained,

> [t]he Spencer concurrence suggests that a plaintiff's inability to pursue habeas relief after release from incarceration should create an exception to Heck's bar. The plaintiff in Spencer had diligently sought relief for his claim of invalid revocation of parole. . . . His prison term ended, however, before the court could render a decision. Justice Souter, writing for the concurring justices, stated, "Heck did not hold that a released prisoner *in Spencer's circumstances* is out of court on a § 1983 claim.

Guerrero, 442 F.3d at 704 (italics in original)(footnotes omitted). The Ninth Circuit has "emphasized the importance of timely pursuit of available remedies" in adopting and applying the reasoning of the Spencer concurrence. Guerrero, 442 F.3d at 704. Thus, the Ninth Circuit has held that the Heck bar applied where habeas relief was "impossible as a matter of law" because the plaintiff "failed timely to pursue it," and it has held that Heck did not bar a plaintiff's section 1983 claims where the plaintiff "immediately pursued relief after the incident giving rise to those claims and could not seek habeas relief only because of the shortness of his prison sentence." Guerrero, 442 F.3d at 705 (footnotes omitted)(declining "to extend the relaxation of Heck's requirements" where the plaintiff's "failure timely to achieve habeas relief is self-imposed" because he failed to challenge his convictions prior to filing his section 1983 action)(citing Cunningham v. Gates, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002); Nonnette v. Small, 316 F.3d 872, 874-877 (9th Cir. 2002)).

///
///
///

The situation in this case "resemble[s] Cunningham more closely that Nonnette." Guerrero, 442 F.3d at 705. Nothing in the complaint suggests that plaintiff diligently pursued his habeas remedies but was foreclosed from obtaining relief because his prison terms were so short that he was released from custody before he was able to exhaust those remedies. Plaintiff may only recently have recognized potential legal claims relating to his plea agreement, but nothing in the complaint indicates that plaintiff diligently and timely pursued relief from his prior convictions but somehow was precluded from discovering. those claims earlier. Therefore, under Guerrero, Nonnette, and Cunningham, the favorable termination rule of Heck applies to plaintiff's section 1983 claims.

Dated: 7.21.2010

UNITED STATES MAGISTRATE JUDGE

**IT IS ORDERED** that the application of prisoner-plaintiff to file the action without prepayment of the full filing fee is: ☐ **GRANTED** ☒ **DENIED** (See recommendation above).

Dated: 7-23-10

UNITED STATES DISTRICT JUDGE

CV-73c (04/06)      ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE

FULL NAME: LEE PEYTON BK# 1206385

COMMITTED NAME (if different): S.A.A.

FULL ADDRESS INCLUDING NAME OF INSTITUTION: POST BOX 6929 - VENTURA COUNTY JAIL

VENTURA CA 93006

PRISON NUMBER (if applicable):

RECEIVED AND RETURNED
CLERK U.S. DISTRICT COURT

JUL 2 7 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LEE PEYTON

PLAINTIFF,

v.

DUANE DAMMEYER et al.,

DEFENDANT(S).

CASE NUMBER: **CV10 5309** (AJW)

_To be supplied by the Clerk_

DEMAND FOR JURY TRIAL

**CIVIL RIGHTS COMPLAINT
PURSUANT TO** (Check one)

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes ☐ No    (550)

2. If your answer to "1." is yes, how many? _____1_____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

PLAINTIFF FILED 1983 CLAIM CASE NO. CV-04-9577, WHICH WAS DISMISSED.

LODGED

2010 JUL 20 AM 10: 55
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

RECEIVED
CLERK, U.S. DISTRICT COURT

JUN 14 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

a. Parties to this previous lawsuit:
Plaintiff  LEE PEYTON

Defendants  JANET ASTON, NICOLETTA WEEKS,

b. Court  U.S.D.C. CENTRAL DISTRICT

c. Docket or case number  CV-04-9577

d. Name of judge to whom case was assigned  FLORENCE MARIE COOPER,

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) DISMISSED FOR ALLEGED FAILURE TO STATE CLAIM.

f. Issues raised:  DENIAL OF ADEQUATE MEDICAL TREATMENT

g. Approximate date of filing lawsuit: 2004

h. Approximate date of disposition  2006

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒Yes  ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒Yes  ☐ No

   If your answer is no, explain why not

3. Is the grievance procedure completed? ☒Yes  ☐ No

   If your answer is no, explain why not

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff  LEE PEYTON
                                                          (print plaintiff's name)

who presently resides at  VENTURA COUNTY JAIL- POST BOX 6929 - VENTURA CA 93006
                          (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

  DUANE DAMMEYER  AND MARK STEIN  AT AND IN VENTURA COUNTY SUPERIOR COURT.
                          (institution/city where violation occurred)

on (date or dates) 10-31-03, 11-17-03, 12-4-03 , APRIL , 2009 , 6-25-08 , 8-12-10 .
                                    (Claim I)              (Claim II)                        (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant   DUANE DAMMEYER                                      resides or works at
              (full name of first defendant)

   800. S. VICTORIA AVE - VENTURA CA 93006
   (full address of first defendant)

   VENTURA COUNTY PUBLIC DEFENDER
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:

   DEFENDANT DAMMEYER WAS DEFENDANT STEIN IMMEDIATE SUPERVISOR AND
   KNEW DEFENDANT STEIN WAS USING ILLEGAL DRUGS WHEN PLAINTIFF RIGHTS WERE VIOLATED.

2. Defendant   MARK STEIN                                          resides or works at
              (full name of first defendant)

   4900 CATAMARAN ST., OXNARD CA, 93030
   (full address of first defendant)

   FORMER VENTURA COUNTY DEPUTY PUBLIC DEFENDER
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:

   DEFENDANT STEIN WAS CONSISTENTLY UNDER THE INFLUENCE OF CRYSTAL METH WHILE HE REPRESE-
   NTED PLAINTIFF AND DURING THE COURT PROCEEDINGS, WHEN HE IMPROPERLY INDUCED PLAINTIFF TO PLEAD GUILTY.

3. Defendant   RICHARD LENNON                                      resides or works at
              (full name of first defendant)

   520 S. GRAND AVE - LOS ANGELES CA 90071
   (full address of first defendant)

   CALIFORNIA APPELLATE PROJECT, ATTORNEY
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:

   DEFENDANT LENNON REFUSED TO FILE A PETITION FOR REVIEW TO CALIFORNIA SUPREME
   COURT AFTER APPELLATE COURTS DENIAL ON MARCH 25, 2009 BECAUSE HE WAS TO BUSY VACATIONING.

4. Defendant   SCHIERMAN       resides or works at
   (full name of first defendant)

       800. S. VICTORIA AVENUE - VENTURA CA 93006
   (full address of first defendant)

       VENTURA COUNTY DEPUTY SHERIFF "SERGEANT"
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT SCHIERMAN EXECUTED UNCONSTITUTIONAL SEARCH OF HOME OF YESI CERON
ASSISTED BY DEFENDANT MEDINA WHICH LED TO PLAINTIFF UNCONSTITUTIONAL ARREST.

5. Defendant   VICTOR MEDINA       resides or works at

       (full name of first defendant)

       800. S. VICTORIA AVENUE - VENTURA CA 93006
   (full address of first defendant)

       SHERIFF DETECTIVE
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT MEDINA ASSISTED EXECUTION OF UNCONSTITUTIONAL SEARCH OF HOME OF YESI
CERON, WHICH LED TO PLAINTIFF ARREST.

on (date or dates) 9-22-08, 10-21-08, 12-15-09, 1-19-10, _____ .
      (Claim 0 4)          (Claim II) 5          (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

6. ▲ Defendant   STEVEN JENKINS _____ resides or works at
              (full name of first defendant)

   800 VICTORIA AVENUE — VENTURA CA 93006
   (full address of first defendant)

   VENTURA COUNTY DEPUTY SHERIFF
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT JENKINS INIATED UNCONSTITUTIONAL HARASSMENT TRAFFIC STOP THAT
RESULTED IN JENKINS OBSTRUCTED PLAINTIFF ACCESS TO COURT AND PLAINTIFF ARREST.

7. ▲ Defendant   FRANK MILAZZO _____ resides or works at
              (full name of first defendant)

   1555 W. 5th ST, STE 140 — OXNARD CA 93030
   (full address of first defendant)

   DEPARTMENT OF CORRECTIONS PAROLE AGENT
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT MILAZZO REFUSED TO RESPOND TO PLAINTIFF 602 APPEAL CONTESTING THE
CONSTITUTIONALLY-INFIRM SPECIAL CONDITIONS OF PAROLE, RESULTING IN PLAINTIFF REVOCATION

8. ▲ Defendant   NANCY KOLB _____ resides or works at
              (full name of first defendant)

   1555 W, 5th ST, STE 140 — OXNARD CA 93030
   (full address of first defendant)

   DEPARTMENT OF CORRECTIONS PAROLE AGENT SUPERVISON
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT KOLB INGONED SUBPOENA AND REFUSED TO ATTEND PLAINTIFF REVOCATION
HEARING, VIOLATED PLAINTIFF RIGHT TO QUESTION WITNESS KOLB.

---

**CIVIL RIGHTS COMPLAINT**

on (date or dates) _____, _____, _____
(Claim I)                 (Claim II)                 (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

9, 9.   Defendant   S. ROSENBERG                                                    resides or works at
        (full name of first defendant)

        1515 CLAY STREET - OAKLAND, CA 94612
        (full address of first defendant)

        CDCR BOARD OF PAROLE HEARINGS COMMISSIONER
        (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT ROSENBERG VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS DURING HIS PAROLE

HEARING, WHILE ACTING AS BOARD OF PAROLE HEARING COMMISSIONER FOR THE STATE OF CALIFORNIA.

10, 9.   Defendant   TRAVIS BAUER                                                    resides or works at
         (full name of first defendant)

         1555 th. STREET, STE 140 - OXNARD CA 93030
         (full address of first defendant)

         DEPARTMENT OF CORRECTIONS PAROLE AGENT
         (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT BAUER WAS PLAINTIFF PAROLE AGENT WHEN HE VIOLATED PLAINTIFF CONSTITUTI-

ONAL RIGHTS.

11, 9.   Defendant   R. MORRIS                                                    resides or works at
         (full name of first defendant)

         1515 CLAY STREET -, OAKLAND, CA 94612
         (full address of first defendant)

         CDCR BOARD OF PAROLE HEARINGS COMMISSIONER
         (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT MORRIS VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS DURING HIS PAROLE

HEARING, WHILE ACTING AS BOARD OF PAROLE HEARING COMMISSIONER FOR THE STATE OF CALIFORNIA.

on (date or dates) _____ , _____ , _____
                          (Claim I)          (Claim II)        (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

12. Defendant  JEREMY PARIS _____ resides or works at
    (full name of first defendant)

    800. S. VICTORIA AVENUE - VENTURA CA 93009
    (full address of first defendant)

    SENIOR DEPUTY OF VENTURA COUNTY SHERIFF DEPARTMENT
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT PARIS ASSISTED EXECUTION OF UNCONSTITUTIONAL SEARCH OF HOME OF YESI CERON
WITH DEFENDANTS SCHIERMAN AND MEDINA LEADING TO PLAINTIFF UNCONSTITUTIONAL ARREST,

13. Defendant  ANN RICHARD _____ resides or works at
    (full name of first defendant)

    POST BOX 4036 - SACRAMENTO CA 95812
    (full address of first defendant)

    ASSOCIATE CHIEF DEPUTY COMMISSIONER OF CDCR BOARD OF PAROLE HEARINGS,
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT RICHARD PARTICIPATED IN THE EVENTS AND DECISION THAT VIOLATE
PLAINTIFF CONSTITUTIONAL RIGHTS

. Defendant  _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**D. CLAIMS***

<div align="center">

**CLAIM I**
</div>

The following civil right has been violated:

PLAINTIFF ALLEGES THAT HE WAS DENIED HIS RIGHT TO A TRIAL BY JURY AND EFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL ATTORNEY, THAT VIOLATED HIS DUE PROCESS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1. PLAINTIFF ALLEGES ON OCTOBER 31, 2003, DEFENDANT STEIN WHO WAS UNDER THE INFLUENCE OF CRYSTAL-METH SERVING AS PLAINTIFF TRIAL COUNSEL PLACED PLAINTIFF ON COURT CALENDER AGAINST HIS WISH, AND THEN IMPROPERLY INDUCED PLAINTIFF WHO WAS UNDER THE INFLUENCE OF PSYCHIATRIC MEDICATION, TO PLEAD GUILTY TO SECOND DEGREE ROBBERY, AND IN DOING SO TOOK ADVANTAGE OF PLAINTIFF INCOMPETENT STATE OF MIND. PLAINTIFF ALLEGES THAT DEFENDANT STEIN HID THE FACT FROM THE COURT THAT PLAINTIFF WAS UNDER THE INFLUENCE OF DRUGS DURING THE PLEA-COLLOQUY PROCEEDINGS BY REFUSING TO TELL THE COURT THAT PLAINTIFF WAS ON DRUGS, DEFENDANT STEIN FURTHER URGED THE TRIAL COURT TO EXPEDITE PLAINTIFF SENTENCING AND SHIP HIM OFF TO PRISON IN FURTHER ATTEMPT TO CONCEAL HIS UNCONSCIONABLE ACT OF IMPROPERLY INDUCING PLAINTIFF WHEN PLAINTIFF WAS AT LOSS OF HIS FULL MENTAL FACULTIES AND UNABLE TO MAKE A REASONED AND VOLUNTARY INTELLIGENT DECISION.

2. PLAINTIFF ALSO ALLEGES THAT HE WROTE TO DEFENDANT STEIN IN THE BEGINNING

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

CLAIM 1. CONTINUED

OF DECEMBER 2003 REQUESTING STEIN TO FILE AN APPEAL ON HIS BEHALF. SHORTLY THEREAFTER STEIN WROTE PLAINTIFF TELLING PLAINTIFF HE COULD NOT FILE AN APPEAL ON HIS BEHALF. ON OR ABOUT DECEMBER 24, 2003 PLAINTIFF WROTE STEIN AGAIN REQUESTING HE FILE AN APPEAL ON HIS BEHALF. PLAINTIFF NEVER HEARD FROM STEIN AGAIN, AND STEIN DESTROYED PLAINTIFF LETTERS. AS A DIRECT AND PROXIMATE RESULT OF DEFENDANT STEIN UNCONSTITUTIONAL ACTIONS PLAINTIFF WAS DEPRIVED OF HIS RIGHT TO HAVE A TRIAL, DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL WAS ON AND UNDER THE INFLUENCE OF CRYSTAL-METH, AND DEPRIVED OF HIS RIGHT TO HAVE AN APPEAL FILED ON HIS BEHALF BY DEFENDANT STEIN.

3, PLAINTIFF FURTHER ALLEGES THAT DEFENDANT DAMMEYER WHO WAS STEIN IMMEDIATE SUPERVISON, KNEW DEFENDANT STEIN WAS USING ILLEGAL DRUGS AND ALLOWED STEIN TO CONTINUE REPRESENTING DEFENDANTS IN VENTURA COUNTY CRIMINAL COURTS WHILE UNDER THE INFLUENCE OF ILLEGAL DRUGS. AS A COMBINED ACTION OF DEFENDANTS STEIN AND DAMMEYER, PLAINTIFF WAS DEPRIVED OF HIS RIGHT TO A TRIAL BY JURY, INCLUSIVE OF ALL RIGHTS ATTATCHED TO A CRIMINAL TRIAL, AS WELL AS DEPRIVATION OF HIS RIGHT TO HAVE AN APPEAL FILED ON HIS BEHALF BY DEFENDANT STEIN. HAD DEFENDANT DAMMEYER DID HIS JOB, ENFORCING DEFENDANT STEIN TO DO HIS JOB IN ACCORD WITH STATE AND FEDERAL LAW, THEN DEFENDANT STEIN WOULD HAVE DONE HIS LEGAL HOMEWORK AND ESTABLISHED THAT PLAINTIFF 1998 CONVICTION AND STRIKE WERE CONSTITUTIONALLY- INFIRM BECAUSE THEIR WERE ACHIEVED BY A VIOLATION OF PLAINTIFF "BOYKIN-TAHL", AND "BRADY" AND SANTOBELLO RIGHTS.

4. PLAINTIFF DOES NOT SUE, BASED ON THE FACT OR DURATION OF CONFINEMENT, BUT SPECIFICALLY FOR THE DEPRIVATION OF HIS CONSTITUTIONAL RIGHTS BY PERSONS ACTING THE COLOR OF STATE LAW, WHO VIOLATED MY CONSTITUTIONAL RIGHTS.

**D. CLAIMS***

<div align="center">

**CLAIM II**

</div>

The following civil right has been violated:

PLAINTIFF WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL BY HIS APPELLATE COUNSEL, VIOLATING HIS CONSTITUTIONAL RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

5. ON JUNE 30, 2008 THIS COURT GRANTED GROUND THREE IN PLAINTIFF PETITION FOR HABEAS CORPUS, ORDERING THE SUPERIOR COURT OF VENTURA COUNTY TO ALLOW PLAINTIFF TO FILE APPEAL. THE CALIFORNIA APPELLATE PROJECT APPOINTED DEFENDANT LENNON TO REPRESENT PLAINTIFF ON APPEAL. PLAINTIFF INSTRUCTED DEFENDANT LENNON TO RAISE THE ISSUES OF IMPROPER INDUCEMENT TO PLEAD GUILTY WHILE UNDER THE INFLUENCE OF PSYCHIATRIC MEDICATIONS AND MENTALLY INCOMPETENT; AND INEFFECTIVE ASSISTANCE OF COUNSEL. DEFENDANT LENNON REFUSED TO DO AS PLAINTIFF INSTRUCTED AND AGAINST PLAINTIFF WISH FILED A "WENDE" BRIEF. AS A RESULT OF LENNON'S REFUSAL TO DO AS PLAINTIFF REQUESTED PLAINTIFF FILED A SUPPLEMENTAL BRIEF RAISING THE ABOVE ISSUES, WITH THE CALIFORNIA COURT OF APPEAL. ON MARCH 25, 2009 THE COURT OF APPEAL AFFIRMED PLAINTIFF CONVICTION WITH A RESPONSE.

6. IN THE BEGINNING OF MAY, 2009 PLAINTIFF CALLED DEFENDANT LENNON INQUIRING IF HE HAD YET TO FILE A PETITION FOR REVIEW IN THE CALIFORNIA SUPREME COURT.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

<div align="center">

**CIVIL RIGHTS COMPLAINT**

</div>

CLAIM II, CONTINUED

PLAINTIFF CALL TO DEFENDANT LENNON WAS ANSWERED BY NANCY GAYNOR, WHO TOLD PLAINTIFF THE LENNON WAS ON VACATION. PLAINTIFF EXPLAINED TO MS. GAYNOR THAT THE TIME WAS ABOUT TO EXPIRE FOR A "PETITION FOR REVIEW" TO BE FILED IN THE STATE SUPREME COURT, AND DEMANDED "SOMEBODY" FILE IT. MS. GAYNOR TOLD PLAINTIFF THAT SHE WOULD EMAIL LENNON ABOUT THE MATTER, AS WELL AS, BRING THE ISSUE TO HER SUPERVISOR. DEFENDANT LENNON FAILED TO FILE A PETITION FOR REVIEW IN THE STATE SUPREME COURT, NOR DID MS. GAYNOR, NOR ANY OTHER ATTORNEY AT THE CALIFORNIA APPELLATE PROJECT, RESULTING IN LOSS OF PLAINTIFF CLAIMS IN THE STATE COURT.

7. AS A RESULT OF DEFENDANT LENNON REFUSAL TO FILE "PETITION FOR REVIEW" AS LAW AND JUSTICE DEMAND, PLAINTIFF WAS ROBBED OF HIS RIGHT TO SEEK AND OBTAIN REVIEW OF HIS CLAIMS IN THE CALIFORNIA SUPREME COURT, A REVIEW OF WHICH RESULT PLAINTIFF WILL NEVER KNOW ABOUT. DEFENDANT LENNON DEPRIVED PLAINTIFF EFFECTIVE ASSISTANCE OF COUNSEL THROUGH ALL STAGES OF HIS DIRECT APPEAL, VIOLATING PLAINTIFF CONSTITUTIONAL RIGHTS ON APPEAL, THROUGHOUT ITS END. PLAINTIFF SUES DEFENDANT LENNON FOR THE VIOLATION OF HIS CONSTITUTIONAL RIGHTS BY A PERSON ACTING UNDER THE COLOR OF STATE LAW, APPOINTED BY AND ON BEHALF OF THE STATE OF CALIFORNIA.

## D. CLAIMS*

### CLAIM III

The following civil right has been violated:

DEFENDANTS CARRIED OUT AN UNCONSTITUTIONAL SEARCH OF THE HOME OF YESI CERON WITHOUT A SEARCH WARRANT VIOLATING HER FOUR AMENDMENT RIGHTS AND PROTECTIONS AND AS A DIRECT RESULT OF THE UNCONSTITUTIONAL SEARCH VIOLATED PLAINTIFF LIBERTY PROTECTIONS BY ARRESTING HIM FOR FRIVOLOUS PAROLE VIOLATION.

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

8. ON 6/25/08 PLAINTIFF WAS AT THE HOME OF YESI CERON AT 231 N. ENCINAL AVENUE IN OJAI PERFORMING MECHANICAL WORK ON MS CERON'S 1997 NISSAN MAXIMA, WHEN DEFENDANT'S SCHIERMAN, PARIS AND MEDINA ALONG WITH DEPUTIES SKAGGS AND WHITTEKER WALKED ONTO MS CERON'S PROPERTY. PLAINTIFF AND REYES ESTRADA WERE IMMEDIATELY PLACED IN HANDCUFFS FOR NO REASON, DEFENDANTS AND DEPUTIES SKAGGS AND WHITTEKER KICKED MS CERON AND HER SON DAMIEN AND WITHOUT HER CONSENT SEARCHED HER ENTIRE HOUSE, KICKING OTHER RESIDENTS OUT OF THEIR ROOMS, DEFENDANT PARIS TOLD MS CERON THAT THEY WERE CONDUCTING A PROBATION SEARCH ON REYES ESTRADA. MS CERON TOLD DEFENDANTS THAT MR ESTRADA DID NOT LIVE THERE AND THAT HE WAS ONLY VISITING HIS SON. DEFENDANTS INCLUDING SKAGGS AND WHITTEKER CONTINUED THEIR ILLEGAL SEARCH OF MS CERON HOME IGNORING HIS CONSISTENT VERBAL OBJECTIONS. DEFENDANTS WERE NOT CONDUCTING A PROBATION SEARCH, THEY WERE CONDUCTING AN UNLAWFUL WARRANTLESS SEARCH OF MS CERON'S HOME SPECIFICALLY SEARCHING A 22 CALIBER PISTOL ALLEGEDLY USED IN A SHOOTING ON 5/18/08 IN OAKVIEW. THE SEARCH WAS AN INVESTIGATION SEARCH, NECESSITATING A SEARCH WARRANT.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

9. AS A DIRECT AND PROXIMATE RESULT OF DEFENDANTS ILLEGAL ACTIONS CARRIED OUT, DEFENDANT MEDINA ARRESTED PLAINTIFF ALLEGING PLAINTIFF WAS IN VIOLATION OF HIS CONSTITUTIONALLY-DENIED SPECIAL CONDITION OF PAROLE, "GANG ASSOCIATION".

10. DEFENDANT MEDINA TRANSPORTED PLAINTIFF TO VENTURA JAIL AND RATHER THAN PLACING PLAINTIFF IN BOOKING, HE PLACED PLAINTIFF IN AN INTERVIEW ROOM AND ALONG WITH DEPUTY SKAGGS BEGAN ASKING PLAINTIFF QUESTIONS ONLY ABOUT A 5/21/02 SHOOTING THAT OCCURED IN OAKVIEW. DEFENDANT MEDINA AND DEPUTY SKAGGS REPEATEDLY DURING THEIR QUESTIONING THREATENED PLAINTIFF, THREATENING TO CHARGE PLAINTIFF WITH CONSPIRACY TO COMMIT A SHOOTING AND COMMITTING A CRIME FOR THE BENEFIT OF A GANG. PLAINTIFF WAS ASKED NO QUESTIONS REGARDING HIS ALLEGED PAROLE VIOLATION.

11. AT PLAINTIFF REVOCATION HEARING ON 8/12/02 THAT WAS AUDIO-RECORDED DEFENDANT MEDINA TESTIFIED THAT PLAINTIFF VIOLATED HIS GANG ASSOCIATION CONDITION BY ASSOCIATING WITH REYES ESTRADA WHO IS ALLEGEDLY A GANG MEMBER, DEFENDANT MEDINA TESTIFIED THAT HE COULD NOT PROVE THAT REYES ESTRADA IS AN ACTIVE GANG MEMBER OR IF HE CLAIMS TIES OR AFFILIATION TO A GANG MEMBER OR ASSOCIATE. PLAINTIFF ALLEGES THAT DEFENDANTS SCHEERMAN AND PARES AS SUPERVISORY OFFICERS KNEW REYES ESTRADA DID NOT LIVE AT THE HOME OF MS CERON, AND YET THE PARTICIPATED IN A UNLAWFUL WARRANTLESS SEARCH OF MS CERON HOME, WHICH WAS THE DIRECT AND PROXIMATE CAUSE OF PLAINTIFF BEING ARRESTED FOR FRIVOLOUS PAROLE VIOLATION, THAT WAS DISMISSED BY THE BOARD OF PAROLE HEARINGS ON 8/12/02, PLAINTIFF ALLEGES THAT HE WAS DEPRIVED OF HIS LIBERTY BECAUSE OF THE SPECIFIC UNCONSTITUTIONAL ACTIONS OF DEFENDANTS SCHEERMAN, PARES AND MEDINA THAT WERE INTENTIONALLY CARRIED OUT. PLAINTIFF HAS STATED A CLAIM FOR RELIEF. PLAINTIFF SOLELY SUES DEFENDANTS FOR VIOLATING HIS CONSTITUTIONAL RIGHTS,

## D. CLAIMS*

**CLAIM IV.**

The following civil right has been violated:

PLAINTIFF WAS DEPRIVED OF HIS LIBERTY FOR SIXTH MONTHS AS A RESULT OF HARA-SSMENT (RETALIERTION) MOTIVE, AND WAS FURTHER DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW, PLAINTIFF RIGHT OF ACCESS TO THE COURT WAS OBSTRICTED BY DEFENDANTS, ALL IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

12. ON 9/22/08 PLAINTIFF WAS ENROUTE TO HIS COURT HEARING AT VENTURA COUNTY'S HALL OF JUSTICE. DEFENDANT JENKINS TRAVELING IN THE OPPOSITE DIRECTION UPON SEEING PLAINTIFF FRIEND REYES ESTRADA WHO WAS DRIVING PLAINTIFF TO COURT, IMMEDIATELY FLIPPED A U-TURN AND BEGAN FOLLOWING MR ESTRADA AND PLAINTIFF THREE CARS BEHIND FOR ABOUT TWO MILES BEFORE PULLING ESTRADA OVER FOR NO REASON. DEFENDANT JENKINS TOLD MR ESTRADA THAT HE PULLED HIM OVER BECAUSE HE WAS FOLLOWING THE CAR IN FRONT OF US TOO CLOSE. DEFENDANT JENKINS MADE MR ESTRADA AND PLAINTIFF GET OUT OF ESTRADAS CAR AND SEARCHED BOTH ESTRADA AND PLAINTIFF, PLAINTIFF TOLD JENKINS HE WAS LATE TO COURT AND REQUESTED TO LEAVE, WHICH JENKINS REFUSED TO LET PLAINTIFF AGA-INST HIS WILL.

13. DEFENDANT JENKINS FORCED ESTRADA AND PLAINTIFF TO GET IN THE BACK OF HIS PATROL CAR, AND THEN JENKINS AND DEPUTY JOHNSON BEGAN SEARCHING ESTRADA'S CAR AND FOUND NOTHING. DEFENDANT JENKINS THEN ARRESTED PLAINTIFF,

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

---

**CIVIL RIGHTS COMPLAINT**

Case 2:10-cv-05313-VAP-DTB Document 26 Filed 07/27/15 Page 62 of 95 Page ID #:36

ALLEGING PLAINTIFF VIOLATED HIS CONSTITUTIONALLY INFIRM SPECIAL CONDITION PROHIBITING GANG ASSOCIATION, BY ASSOCIATING WITH PLAINTIFF BEST FRIEND REYES ESTRADA WHO IS NOT A GANG MEMBER, WHILE ENROUTE TO THE COUNTY JAIL PLAINTIFF ASKED DEFENDANT JENKINS WHY HE PULLED THEM OVER. JENKINS TOLD PLAINTIFF THAT HE PULLED THEM OVER BECAUSE HE KNEW ESTRADA WAS ON PROBATION AND HAD SEARCH TERMS, DEFENDANT JENKINS TRAFFIC STOP WAS SOLELY FOR HARRASSMENT PURPOSES AND IN RETALIATION FOR PROOF CRIMINAL CONDUCT ALLEGEDLY COMMITTED BY ESTRADA, DEFENDANT JENKINS VIOLATION OF ESTRADA'S FIRST AND FOURTH AMENDMENT PROTECTIONS TO BE FREE FROM RETALIATION AND TRAFFIC STOPS FOR UNCONSTITUTIONAL PURPOSES, IS THE SOLE CAUSE OF PLAINTIFF UNCONSTITUTIONAL ARREST AND DEPRIVATION OF HIS LIBERTY, ACHIEVED THROUGH UNCONSTITUTIONAL MEANS, VIOLATING PLAINTIFF LIBERTY INTEREST AND DUE PROCESS. DEFENDANT JENKINS DID SO MUCH AS GIVE ESTRADA A TICKET FOR HIS ALLEGED TRAFFIC VIOLATION BECAUSE MR ESTRADA NEVER VIOLATED ANY VEHICLE.

14. AT PLAINTIFF REVOCATION HEARING DEFENDANT JENKINS TESTIFIED CLAIMING ESTRADA IS A GANG MEMBER, HE TESTIFIED THAT HE KNEW ESTRADA TO BE A GANG MEMBER BY ASSOCIATION ONLY, AND FURTHER TESTIFIED HE HAD NO MEMORY OF ESTRADA HAVING EVER BEEN ARRESTED, CHARGED OR CONVICTED OF ANY GANG CRIMES, KEYES ESTRADA TESTIFIED THAT HE IS NOT IN A GANG, CLAIMS NO ASSOCIATION TO ANY GANG, AND EXPLAINED THAT HE IS A FAMILY MAN, ESTRADA FURTHER TESTIFIED THAT THE VENTURA COUNTY SHERIFFS DEPARTMENT FALSELY CLASSIFY HIM AS A GANG MEMBER AGAINST HIS WILL AND CONSISTENTLY HARASS HIM.

15. DEFENDANT MILAZZO TESTIFIED AT PLAINTIFF REVOCATION HEARING, THAT AS PLAINTIFF PAROLE AGENT, HE WAS AWARE OF PLAINTIFF APPEAL CHALLENGE TO THE UNCONSTITUT-

GROUND IV CONTINUED

-TIONAL SPECIAL CONDITIONS OF PAROLE, BUT DID NOT KNOW WHY PLAINTIFF APPEAL WAS NEVER RESPONDED TO. PLAINTIFF ALLEGES THAT AS HIS PAROLE AGENT DEFENDANT MIL-AZZO HAD A DUTY TO PROVIDE A RESPONSE TO PLAINTIFF APPEAL CHALLENGING THE SPECIAL CONDITIONS AND THAT MILAZZO REFUSAL TO RESPOND TO THAT APPEAL VIOLATED PLAIN-TIFF DUE PROCESS TO PETITION GOVERNMENT BRANCHES FOR REDRESS, AND AS A DIRECT RESULT OF MILAZZO VIOLATING PLAINTIFF DUE PROCESS, PLAINTIFF WAS ARRESTED FOR A CONSTITUTIONALLY INVALID SPECIAL CONDITION OF PAROLE THAT SHOULD HAVE BEEN REDRESSED HAD DEFENDANT MILAZZO NOT VIOLATED PLAINTIFF DUE PROCESS OF LAW.

16. DEFENDANT KOLB WAS SUBPOENA'D TO ATTEND PLAINTIFF REVOCATION HEARING AND SHE REFUSED TO ATTEND. PLAINTIFF ALLEGES HE HAD VERY PERTINENT QUESTIONS TO ASK KOLB AT HIS HEARING REGA-RDING HER PHONE INTERVIEW WITH REYES ESTRADA THAT TOOK PLACE ON OR ABOUT 9/23/08. DEFENDANT KOLB REFUSED TO WROTE A REPORT DESCRIBING HER INTERVIEW WITH ESTRADA, THUS PLAINTIFF WAS DESCR-IBED PHYSICAL DOCUMENTARY EVIDENCE REGARDING THE INTERVIEW. PLAINTIFF ALLEGES THAT DEFEND-ANT KOLB'S INTENTIONAL REFUSAL TO ATTEND HIS REVOCATION HEARING DEPRIVED HIM OF RIGHT TO PRESENT AND QUESTION WITNESSES AND USE THAT TESTIMONIAL EVIDENCE AS PART OF HIS DEFENSE. DEFENDANT KOLB'S VIOLATED PLAINTIFF DUE PROCESS.

17. DEFENDANT ROSENBERG VIOLATED PLAINTIFF DUE PROCESS BY DENYING PLAINTIFF HIS RIGHT TO PRE-SENT HIS WITNESS DEFENDANT KOLB. PLAINTIFF MADE A TIMELY VALDIVIA OBJECTION TO DEFENDANT ROSENBERG FOR DENYING PLAINTIFF HIS RIGHT TO PRESENT HIS WITNESS DEFENDANT KOLB. PLAINT-IFF MADE HIS OBJECTION PRIOR TO DEFENDANT ROSENBERG SENDING ALL PARTIES OUT OF THE ROOM SO HE COULD DELIBERATE ALONE. NONETHELESS IT WAS DEFENDANT ROSENBERG'S DUTY TO ASSURE ALL WITNESSES SUBPOENA'D ATTENDED AND PLAINTIFF DUE PROCESS WAS NOT VIOLATED. PLAINTIFF SUES ALL DEFENDANTS HERE FOR VIOLATING HIS FIRST, SIXTH AND FOURTEENTH AMENDMENTS CONSTITUTIONAL RIGHTS AND PROTECTIONS GUARANTEED TO PLAINTIFF UNDER THE DUE PROCESS CLAUSE.

## D. CLAIMS*

### CLAIM# V.

The following civil right has been violated:

PLAINTIFF HAS BEEN DEPRIVED OF HIS LIBERTY BASED ON RETALIATION, PLAINTIFF WAS DENIED HIS RIGHT TO PRESENT AND QUESTION WITNESSES AT HIS REVOCATION HEARING VIOLATING HIS DUE PROCESS, AND PLAINTIFF HAS BEEN SUBJECTED TO SPECIAL CONDITIONS OR PAROLE BEAR-ING NO RELATION TO HIS CONTROLLING OFFENSE AND HAS BEEN DEPRIVED OF CHALLENGING THOSE CONDITIONS BY PAROLE OFFICIALS.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

18. ON DECEMBER 15, 2009 PLAINTIFF WAS ARRESTED AS RESULT OF DEFENDANT MEDINA'S HARASSMENT AND RETALIATION AGAINST PLAINTIFF, DEFENDANT MEDINA ALLEGED PLAINTIFF VIOLATED HIS CONS-TITUTIONALLY-INVALID GANG ASSOCIATION CONDITION BY ALLEGEDLY ASSOCIATING WITH JOSE RAMOS, PLAINTIFF WAS DISCUSSING WITH JESSICA MANNING WHAT WAS MECHANICALLY WRONG WITH HER 1996 HONDA ACCORD AND MAKING ARRANGEMENTS TO PERFORM THE WORK ON HER VEHICLE, WHILE HER BOYFRIEND MR RAMOS COLLECTED HIS CHECK FROM B.K.A. SKYCELLULAR, ALL THIS TOOK PLACE ON PRIVATE PROPERTY OF PLAINTIFF GRANDFATHER'S UPHOLSTERY BUSINESS AND THAT OF B.K.A. SKYCELLULAR BOTH LOCATED IN THE SAME BUILDING ON THE SAME PROPERTY, PRIOR TO THIS RETALIATION EVENT DEFENDANT MEDINA HAD CHARGED PLAINTIFF ON 6/25/08 WITH ALLEGEDLY INTIMIDATING A PROSECUTION WITNESS WHO JUST SO HAPPENS TO BE THIS SAME JOSE RAMOS, THAT FRIVOLOUS CHARGE WAS DISMISSED ON 8/12/08.

19. DEFENDANT MEDINA AS PLAINTIFF ALLEGES HAS A RETALIATION VENDETTA AGAINST PLA-INTIFF BECAUSE PLAINTIFF REFUSES TO PROVIDE MEDINA WITH INFORMATION TO CRIMES HE

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

GROUND V. CONTINUED

KRAMS PLAINTIFF TO POSTPO, AND ALSO BECAUSE EACH TIME HE CHARGED PLAINTIFF WITH SOME RECTK-
LESS CRIME OR PAROLE VIOLATION THE CHARGES GOT DISMISSED, DEFENDANT MEDINA EVEN WENT AS
FAR AS PLACING AN UNLAWFUL GPS MONITOR ON THE REAR DRIVER'S SIDE LEAF-SPRING OF PLAIN-
TIFF TRUCK DURING THE WEEK PRIOR TO MEDINA ARRESTING PLAINTIFF, DEFENDANT RETRIE-
VED THAT GPS MONITOR BACK DURING HIS SEARCH OF PLAINTIFF GRANDFATHER'S BUSINESS
AND PLAINTIFFS TRUCK ON DECEMBER 17, 2009 ( DOT NO, 09-25352) AS RESULT OF A SEARCH WARR-
ANT, ON 1/19/10 THE GANG ASSOCIATION CHARGED FILED BY DEFENDANT MEDINA WAS DIS-
MISSED AT PLAINTIFF REVOCATION HEARING. FURTHER DEFENDANT MEDINA PERSONALLY KNEW
ON 12/15/09 THAT JOSE RAMOS DENOUNCED HIS GANG MEMBERSHIP AND AFFILIATION TO MEDINA
ON 6/23/10.

20. WHEN PLAINTIFF WAS ARRESTED ON 12/15/09 DEFENDANT BAUER CHARGED PLAINTIFF WITH
"CREDIT CARD THEFT / ILLEGAL USE OF A CREDIT CARD", ACCORDING TO THE "CHARGE REPORT
CDCR 1502 (b)", DATED 12/16/09 SIGNED BY BAUER AND HIS SUPERVISOR LUCIA GALGANO . SOMETIME
THEREAFTER DEFENDANT BAUER ADDED A VIOLATION OF SPECIAL CONDITION OF PAROLE "GANG
ASSOCIATION" CHARGE TO THE CHARGE REPORT. AT PLAINTIFF REVOCATION HEARING HELD ON
1/19/10 THE GANG ASSOCIATION CHARGE WAS DISMISSED AND THE CREDIT CARD CHARGE IGN-
ORED. ACCORDING TO THE VALDIVIA INJUNCTION, ONCE PLAINTIFF WAS ARRESTED FOR THE
CHARGES ON 12/15/09, THE BOARD OF PAROLE HEARINGS HAD 35 DAYS STARTING 12/15/09 TO
TAKE PLAINTIFF BEFORE A FULL REVOCATION HEARING EXPIRING 1/20/10.

21. DEFENDANT BAUER ON 1/19/10 IMMEDIATELY AFTER PLAINTIFF REVOCATION HEARING TURNED
AROUND AND REFILED THE "CREDIT CARD THEFT/ILLEGAL USE OF A CREDIT CARD" CHARGE.
PLAINTIFF ALLEGES THAT THE VALDIVIA HOLDING WAS VIOLATED BY BAUER WHEN HE REFI-
LED CHARGES FOR THE CREDIT CARD ALLEGATIONS BECAUSE THE VALDIVIA 35 DAY LIMITATION
HAD EXPIRED, PLAINTIFF ALLEGES THAT DEFENDANT BAUER KNEW OF THE CREDIT CARD ALLEGA-

GROUND VI CONTINUED

THING ON 12/10/09 AND MOST LIKELY PRIOR TO THAT BEFORE HE WROTE HIS INITIAL REPORT ON 12/16/09, AID DEFENDANT BAUER ACTION VIOLATED FEDERAL LAW, MOST ALARMING IS THAT BAUER KNEW OF THE CREDIT CARD ALLEGATIONS AND DETAILS THEREOF, BEFORE DETECTIVE BURGESS OF THE VENTURA COUNTY SHERIFFS DEPARTMENT APPROACHED VENTURA COUNTY DISTRICT ATTORNEY GREGORY TOTTEN ON 1/13/10 TO FILE CRIMINAL CHARGES, IN DOING SUCH DEFENDANT BAUER DEPRIVED PLAINTIFF OF HIS LIBERTY INTEREST VIOLATING PLAINTIFF'S CONSTITUTIONAL RIGHTS.

22. ON 5/4/10 PLAINTIFF HAD A REVOCATION HEARING. ON APRIL 26, 2010 DEFENDANT BAUER ALONG WITH ALICEA BROOKS, MICHAEL FLYNN, AND KATE MC AULIFF WERE SUBPOENA'D TO ATTEND PLAINTIFF HEARINGS. PLAINTIFF DID NOT KNOW UNTIL 5/4/10 THAT BROOKS, FLYNN, AND MC AULIFF HAD BEEN SUBPOENA'D TO ATTEND HIS HEARING BECAUSE THE BOARD OF PAROLE HEARINGS REFUSED TO NOTIFY PLAINTIFF. NONE OF ABOVE WITNESSES ATTENDED PLAINTIFF HEARINGS FOR REASONS UNKNOWN AND ALL VIOLATED THE LAW WITH REGARD TO COMPLIANCE OF SUBPOENA'S. PLAINTIFF AND ATTORNEY GERALD KLINE MADE VALLEVIA OBJECTION TO PLAINTIFF PAROLE AGENT DEFENDANT BAUER'S REFUSAL TO ATTEND HIS REVOCATION HEARING. PLAINTIFF ALLEGES DEFENDANT BAUER INTENTIONALLY REFUSED TO ATTEND HIS REVOCATION HEARING SPECIFICALLY TO OBSTRUCT PLAINTIFF FROM QUESTIONING BAUER REGARDING HIS UNCONSTITUTIONAL ACTIONS. IN DOING SO DEFENDANT BAUER VIOLATED PLAINTIFF DUE PROCESS RIGHT TO PRESENT AND QUESTION WITNESS(S), AS WELL AS VIOLATING HIS DUTY AS 'AGENT OF RECORD', WHO AT A REVOCATION HEARING HAS THE DUTY TO ATTEND THE HEARING AND EXPLAIN THE BASIS FOR THE CHARGES, PROVIDES BACKGROUND ON A PAROLEE AND EVIDENCE HE HAS REGARDING THE CASE TO THE DEPUTY COMMISSIONER. IN ADDITION TO ANY OTHER WITNESSES.

23. DEFENDANT MORRIS DENIED PLAINTIFF REQUEST TO POSTPONE HIS REVOCATION HEARING AFTER PLAINTIFF EXPLAINED TO MORRIS HE DID NOT HAVE IN HIS POSSESSION AT THE TIME HIS PHYSICAL DOCUMENTARY EVIDENCE PLAINTIFF NEED TO PRESENT AS EVIDENCE IN HIS DEFENSE.

ONE OF THE DOCUMENTS AS PLAINTIFF EXPLAINED, TO ATTACH IS THE ORIGINAL, OFFICIAL COPY OF THE CHARGE REPORT CDCR 128 B, DATED 12/16/09. DEFENDANT HARREL DENIED PLAINTIFF REQUEST TO REINSTATE HIS "OPTIONAL WAIVER" PENDING RESOLUTION OF HIS CRIMINAL CHARGES. PLAINTIFF AND ATTORNEY GERALD KLEIN MADE SEVERAL VALID EVER OBJECTIONS TO DEFENDANT MORRIS REGARDING DEFENDANT BANKS REFUSAL TO ATTEND HIS HEARING, AND RESULTED POSTPONEMENT OF THE HEARING. ALL OF WHICH OBJECTIONS WERE DENIED. PLAINTIFF LITERALLY STOOD UP AND WALKED OUT OF HIS HEARING DUE TO ANGER EVIDENT ABOUT BY MORRIS VIOLATING PLAINTIFF DUE PROCESS. PLAINTIFF ATTORNEY COULD NOT QUESTION DEFENDANT MEDINA WHO HAD BEEN SUBPOENAED AS A WITNESS BECAUSE DEFENDANT MORRIS DISMISSED MEDINA DISREGARDING PLAINTIFF RIGHT TO QUESTION ANY WITNESS THROUGH HIS ATTORNEY, DEFENDANT MORRIS VIOLATED PLAINTIFF DUE PROCESS BY DEPRIVING PLAINTIFF HIS RIGHT TO PRESENT AND QUESTION WITNESSES AT HIS HEARING THAT DEPRIVED PLAINTIFF OF EVIDENCE THAT IS FOREVER LOST, AND THESE CONSTITUTIONAL VIOLATIONS OF PLAINTIFF DUE PROCESS VIOLATED THE FIRST, SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

24. DEFENDANT RICHARD GAVE A WRITTEN DENIAL ON 5/20/10 TO "REQUEST FOR DECISION REVIEW", FILED BY ATTORNEY GERALD KLEIN ON 5/12/10 ON BEHALF OF DEFENDANT THAT ATTACKS DEFENDANT MORRIS'S VIOLATIONS OF PLAINTIFFS DUE PROCESS. ACCORDING TO DEFENDANT RICHARD, SHE LISTENED TO THE HEARING TAPE AND REVIEWED THE HEARING DOCUMENTS, AND SOMEHOW CONCLUDED THAT PLAINTIFF PAROLE AGENT DEFENDANT BANKS "HAD NO DIRECT EVIDENCE OF THE CHARGES AND COULD ADD NOTHING TO THE EVIDENTIARY PORTION OF THE HEARING", AND STATED SHE FOUND NO ERROR OF LAW. PLAINTIFF ALLEGES THAT AN AGENCIES REGULATIONS ARE BINDING LAW ON THAT AGENCY. PLAINTIFF FURTHER ALLEGES THAT SINCE RICHARD LISTENED TO THE HEARING TAPE, SHE WAS AWARE THAT PLAINTIFF WAS DEPRIVED HIS RIGHT TO PRESENT AND QUESTION WITNESSES AND PRESENT EVIDENCE AND HER CONCLUSION IS CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW, AND HER

DECISION VIOLATED PLAINTIFF DUE PROCESS.

25. FINALLY PLAINTIFF ALLEGES THAT DEFENDANTS MILAZZO AND BAUER INTENTIONALLY VIOLATED PLAINTIFF DUE PROCESS. ON 2/12/08 PLAINTIFF FILED AN APPEAL AT THE PAROLE OFFICE CHALLENGING HIS UNCONSTITUTIONAL SPECIAL CONDITIONS OF PAROLE. DEFENDANT MILA-ZZO NEVER RESPONDED TO PLAINTIFF APPEAL. AGAIN ON 3/26/09 PLAINTIFF FILED ANOTHER APPEAL CHALLENGING HIS UNCONSTITUTIONAL SPECIAL CONDITIONS OF PAROLE. DEFENDANT BAUER REFUSED TO RESPOND TO THAT APPEAL. IN REFUSING TO RESPOND TO HIS APPEALS PLAINTIFF ALLEGES THAT DEFENDANTS MILAZZO AND BAUER INTENTIONALLY VIOLATED PL-AINTIFF RIGHT TO PETITION GOVERNMENT BRANCHES FOR REDRESS, AND AS A RESULT OF THEIR ACTIONS LEFT PLAINTIFF IN A POSITION TO BE DEPRIVED OF HIS LIBERTY ON 9/22/08 AND 12/15/09 DUE TO THE UNCONSTITUTIONAL SPECIAL CONDITIONS OF PAROLE NOT RELATED TO HIS CONVICTION, AND THEIR ACTIONS VIOLATED PLAINTIFFS CONSTITUTIONAL RI-GHTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES COSTITUTIONS.

26. PLAINTIFF SOLELY SUES ALL OF THE DEFENDANTS ABOVE FOR INDIVIDUALLY VIOLATING HIS CONSTITUTIONAL RIGHTS AND PROTECTIONS AS ALLEGED ABOVE. PLAINTIFF HEREIN HAS STATED CLAIMS FOR RELIEF FOR WHICH HE IS ENTITLED TO, PURSUANT TO 42. U.S.C. 1983.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

PLAINTIFF SEEKS FOR CLAIM I, COMPENSATORY, PUNITIVE AND MONETARY DAMAGES IN THE SUM OF TEN MILLION DOLLARS. FOR THE REMAINING CLAIMS PLAINTIFF SEEKS COMPENSATORY, PUNITIVE AND MONETARY DAMAGES TO BE DETERMINED BY A JURY, PLAINTIFF ALSO SEEKS EQUITABLE RELIEF IN THE FORM OF THE COURT TERMINATING HIS PAROLE. PLAINTIFF REQUEST DEFENDANTS BE ORDERED TO PAY FOR THE COST OF SUIT, AND ANY EXPENSES INCURRED AS A RESULT OF THIS SUIT.

VERIFICATION

I AM THE PLAINTIFF IN THIS ACTION. I HAVE THE FOREGOING COMPLAINT AND THE FACTS THEREIN STATED ARE TRUE OF MY OWN KNOWLEDGE, PURSUANT TO 28. U.S.C. 1746; I DECLARE UNDER THE PENALTY OF PERJURY IS TRUE AND CORRECT, EXECUTED ON JUNE 30 2010 AT VENTURA CA 93006.                Lee Peyton

LEE PEYTON   DECLARANT.,.

6/30/10
*(Date)*

Lee Peyton
*(Signature of Plaintiff)*

# EXHIBIT D

FILED

<table>
<tr><td colspan="2" align="center">UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA</td><td>10 JUL 28 PM 3: 50<br>CLERK U.S. DISTRICT COURT<br>CENTRAL DIST. OF CALIF.<br>LOS ANGELES</td></tr>
<tr><td>BK #1206385<br>LEE PEYTON,<br><br><div align="center">PLAINTIFF(S),</div><br>v.</td><td></td><td>CASE NUMBER<br>BY:_____<br><br>CV 10-5309 UA (AJW)</td></tr>
<tr><td>DUANE DAMMEYER, et al.,<br><br><div align="center">DEFENDANT(S).</div></td><td></td><td>ORDER RE LEAVE TO FILE ACTION<br><br>WITHOUT PREPAYMENT OF FULL FILING FEE</td></tr>
</table>

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $_____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. §1915.

Dated: _____       _____
                                        UNITED STATES MAGISTRATE JUDGE

■     **IT IS RECOMMENDED** that the application of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

☐  **District Court lacks jurisdiction**

☐     Inadequate showing of indigency

■     Frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)&(g)

☐     Failure to provide certified copy of trust fund statement for the last six (6) months.

☐     Failure to authorize disbursements from prison trust account to pay filing fee

■     Seeks monetary relief from a defendant immune from such relief.

■     This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. See O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

■Comments: Plaintiff, a Ventura County Jail inmate, filed this action naming only Duane Dammeyer in the title of the complaint. See Fed. R. Civ. P. 10(a)("The title of the complaint must name *all the parties;* the title of other pleadings, after naming the first party on each side, may refer generally to other parties.")(emphasis added); In violation of Rule 10(a), additional defendants are listed in the section of the complaint provided for identifying the defendants, and others are not listed in that section nonetheless are included in the narrative sections of the complaint describing plaintiff's claims.

Plaintiff's allegations of misconduct and ineffective assistance of counsel by his former public defender, Mark Stein, Stein's supervisor, Dammeyer, and a California Appellate Project attorney who represented plaintiff in a criminal appeal, Richard Lennon, fail to state a claim because those defendants were not acting "under color of state law" for purposes of a section 1983 claim. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Simmons v. Sacramento County Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003).

Furthermore, plaintiff's allegations that Stein and Dammeyer unlawfully induced plaintiff to enter a guilty plea in 2003 represent a collateral attack on the resulting criminal conviction. Because plaintiff has not alleged or shown that his conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," his section 1983 claims challenging the lawfulness of his plea agreement is premature. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Case 2:10-cv-05309-UA(AJW) Document 25 Filed 07/28/25 Page 2 of 3 Page ID #:28
Peyton v. Dammeyer, et al., CV10-5309 UA(AJW)
*continued*

Plaintiff also alleges that defendant officers Schierman, Paris, Medina, Skaggs and Whittaker conducted a warrantless, unlawful search of the home of Yesi Ceron when plaintiff was at the home working on Ceron's car. Officers told Ceron that they were conducting a probation search of another person who was present in Ceron's home, Reyes Estrada, whom officers alleged was affiliated with a gang. Plaintiff contends that Reyes Estrada is not and was not a gang member or affiliate.

Plaintiff's claim that defendants violated Ceron's Fourth Amendment rights by unlawfully searching her home fail to state a section 1983 claim. Fourth Amendment rights are personal rights which may not be vicariously asserted. Rakas v. Illinois, 439 U.S. 128, 133-134 (1978); Alderman v. United States, 394 U.S. 165, 174 (1969); Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998). "Thus, the general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those rights." Moreland, 159 F.3d at 369 (citing Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir.), cert. denied, 484 U.S. 935 (1987)). Moreover, a pro se plaintiff cannot bring claims in a representative capacity on behalf of third parties. See Johns v. County of San Diego, 114 F.3d 874, 876-877 (9th Cir. 1997)(explaining that constitutional claims are personal and cannot be asserted vicariously, and that a non-attorney may appear pro se on his own behalf but has no authority to appear as an attorney for others).

Plaintiff alleges that he was arrested on June 25, 2008, September 22, 2008, and December 15, 2009 for violating a "constitutionally invalid" special condition of parole, "gang association." Plaintiff was arrested for associating with either Reyes Estrada or Jose Ramos, another alleged gang member whom plaintiff alleges is not affiliated with a gang. Parole revocation hearings ensued. Plaintiff alleges that his arrests and parole revocation hearings deprived him of a protected liberty interest and violated his procedural due process rights. Plaintiff also alleges that defendants violated Reyes Estrada's First and Fourth Amendment rights; however, plaintiff cannot assert those claims on Reyes Estrada's behalf. See Johns, 114 F.3d at 866-877.

To the extent that plaintiff is alleging that his arrests were unlawful because the "gang association" condition of his parole is constitutionally invalid, he has not alleged facts plausibly suggesting that this parole condition violated his due process rights or any other federal rights. Cf. United States v. Soltero, 519 F.3d 858, 866-867 (9th Cir. 2007)(holding that parole conditions prohibiting association "with any known member of any criminal street gang" and similar restrictions on association were within the district court's discretion to impose, did not violate the parolee's due process rights, and were not impermissibly vague or overbroad).

To the extent that plaintiff is challenging the probable cause determination supporting his arrests for violating the "gang association" condition of his parole, the procedures used in his parole revocation hearings, or any decision denying or revoking his parole, the favorable termination rule of Heck applies to those claims. Under Heck, a section 1983 claim for unlawful arrest is "generally bar[red] . . . where success in the false arrest suit would be inconsistent with an underlying conviction that has not been reversed or otherwise invalidated." Hart v. Parks, 450 F.3d 1059, 1065 n.5 (9th Cir. 2006); see Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)(per curiam)(holding that Heck bars a prisoner's "claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him. [The prisoner] may challenged the validity of his arrest, prosecution and conviction only by writ of habeas corpus."). Section 1983 claims challenging the procedures used in parole revocation hearings or the validity of decisions denying or revoking parole also fall within the Heck bar. See Butterfield v. Bail, 120 F.3d 1023, 1024 n.1 (9th Cir.1997) (stating that "a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement"); see also Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir.1996)(holding that Heck applies to section 1983 actions that implicate the validity of a decision to revoke parole); Jones v. King, 2010 WL 2219324, at *3-4* (E.D. Cal. June 2, 2010)(holding that Heck barred the plaintiff's section 1983 claims challenging the decision to revoke his parole "for his violation of the 'anti-gang association'" parole condition and the probable cause determination that supported his arrest on that charge).

In addition, the doctrine of absolute quasi-judicial immunity shields plaintiff's parole agents, parole agent supervisors, and parole board members in their individual capacity from plaintiff's section 1983 claims alleging that they imposed unlawful parole conditions, employed inadequate or defective procedures during plaintiff's parole

Case 2:10-cv-05309-UA-AJW Document 25 Filed 07/28/10 Page 73 of 95 Page ID #:29
Peyton v. Dammeyer, et al., CV10-5309 UA(AJW)
*continued*

revocation hearings, and improperly denied or revoked plaintiff's parole. See Swift v. California, 384 F.3d 1184, 1189-1193 (9th Cir. 2004); Anderson v. Boyd, 714 F.2d 906, 908 (9th Cir. 1983). Plaintiff's section 1983 damages claims against those defendants in their official capacity are barred under the Eleventh Amendment. See Hafer v. Melo, 502 U.S. 21, 25, 27 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 65, 71 (1989); Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.), cert. denied, 528 U.S. 816 (1999).

Plaintiff also alleges that Milazzo and Bauer, his parole agents, violated his federal due process rights by failing to respond to two "appeals" plaintiff filed challenging his "gang association" parole condition. It is not clear what kind of appeal plaintiff is referring to, or how his parole agent's failure to respond to that appeal amounted to an "actual injury" constituting a denial of plaintiff's First Amendment right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999); Allen v. Sakai, 48 F.3d 1082, 1090 (9th Cir. 1994), cert. denied, 514 U.S. 1065 (1995). Therefore, the complaint lacks facts plausibly suggesting that plaintiff's parole agent violated plaintiff's First Amendment rights. See Ashcroft v. Iqbal, — U.S.—, 129 S.Ct. 1937, 1949-1450 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S.544, 555-556 (2007).

Plaintiff alleges that his parole agent, Bauer, improperly refiled charges of "credit card theft/illegal use of a credit card" against plaintiff after those charges were "ignored" during a prior parole revocation hearing, in violation of time limits prescribed by the "Valdivia injunction." This, apparently, is a reference to a permanent injunction entered in a class action brought by California parolees who challenged state parole revocation procedures. See generally Valdivia v. Schwarzenegger, 603 F.Supp.2d 1275, 1276 (E.D. Cal. 2009), vacated and remanded by Valdivia v. Schwarzenegger, 599 F.3d 984 (9th Cir. 2010)(holding that the district court abused its discretion in denying a motion to modify the permanent injunction in light of passage of Proposition 9, which modified the state's parole revocation procedures). This claim and others concerning the procedures used in parole hearings that resulted in the revocation or denial of parole fall within the Heck bar. Furthermore, the conclusory allegation that defendants violated an injunction whose terms and legal effect are unclear is insufficient to state a federal claim.

Dated: **7.23.2010**                          _UNITED STATES MAGISTRATE JUDGE_

**IT IS ORDERED** that the application of prisoner-plaintiff to file the action without prepayment of the full filing fee is:            ☐ **GRANTED**            ☒ **DENIED** (See recommendation above).

Dated: **7/27/10**                          _UNITED STATES DISTRICT JUDGE_

CV-73c (04/06)      ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE

LEE PEYTON BK# 1206385
**FULL NAME**

S.A.A.
**COMMITTED NAME (if different)**

POST BOX 6929 - VENTURA COUNTY JAIL
**FULL ADDRESS INCLUDING NAME OF INSTITUTION**

VENTURA CA 93006

**PRISON NUMBER (if applicable)**

RECEIVED AND RETURNED
CLERK U.S. DISTRICT COURT

JUL 28 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LEE PEYTON

**PLAINTIFF,**

v.

DUANE DAMMEYER et al.,

**DEFENDANT(S).**

CASE NUMBER

**CV10 5309** (AJW)
*To be supplied by the Clerk*

DEMAND FOR JURY TRIAL

**CIVIL RIGHTS COMPLAINT
PURSUANT TO** *(Check one)*

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

(550)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes ☐ No

2. If your answer to "1." is yes, how many? _____1_____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

PLAINTIFF FILED 1983 CLAIM CASE NO. CV-04-9577, WHICH WAS DISMISSED.

LODGED

2010 JUL 20 AM 10: 55
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

RECEIVED
CLERK, U.S. DISTRICT COURT

JUN 14 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

a. Parties to this previous lawsuit:
Plaintiff   LEE PEYTON

Defendants   JANET ASTON, NICOLETTA WEEKS.

b. Court   U.S.D.C. CENTRAL DISTRICT

c. Docket or case number   CV-04-9577

d. Name of judge to whom case was assigned   FLORENCE MARIE COOPER,

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?)   DISMISSED FOR ALLEGED FAILURE TO STATE CLAIM.

f. Issues raised:   DENIAL OF ADEQUATE MEDICAL TREATMENT

g. Approximate date of filing lawsuit:   2004

h. Approximate date of disposition   2006

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒Yes   ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff   LEE PEYTON
(print plaintiff's name)

who presently resides at   VENTURA COUNTY JAIL- POST BOX 6929 - VENTURA CA 93006
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

DUANE DAMMEYER AND MARK. STEIN AT AND IN VENTURA COUNTY SUPERIOR COURT.
(institution/city where violation occurred)

CV-66 (7/97)

on (date or dates) 10-31-03, 10-17-02, 12-4-03 , APRIL 2009 , 6-25-08, 8-12-10 .
                    (Claim I)                      (Claim II)              (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant    DUANE DAMMEYER _____ resides or works at
   (full name of first defendant)

       800. S. VICTORIA AVE - VENTURA CA 93006 _____
   (full address of first defendant)

       VENTURA COUNTY PUBLIC DEFENDER
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:

   DEFENDANT DAMMEYER WAS DEFENDANT STEIN IMMEDIATE SUPERVISOR AND

   KNEW DEFENDANT STEIN WAS USING ILLEGAL DRUGS WHEN PLAINTIFF RIGHTS WERE VIOLATED.

2. Defendant    MARK STEIN _____ resides or works at
   (full name of first defendant)

       4900 CATAMARAN ST, OXNARD CA, 93030 _____
   (full address of first defendant)

       FORMER VENTURA COUNTY DEPUTY PUBLIC DEFENDER
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:

   DEFENDANT STEIN WAS CONSISTENTLY UNDER THE INFLUENCE OF CRYSTAL METH - WHILE HE REPRESE-

   NTED PLAINTIFF AND DURING THE COURT PROCEEDINGS, WHEN HE IMPROPERLY INDUCED PLAINTIFF TO PLEAD GUILTY.

3. Defendant    RICHARD LENNON _____ resides or works at
   (full name of first defendant)

       520 S. GRAND AVE - LOS ANGELES CA 90071 _____
   (full address of first defendant)

       CALIFORNIA APPELLATE PROJECT, ATTORNEY
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:

   DEFENDANT LENNON REFUSED TO FILE A PETITION FOR REVIEW TO CALIFORNIA SUPREME

   COURT AFTER APPELLATE COURTS DENIAL ON MARCH 25, 2009 BECAUSE HE WAS TO BUSY VACATIONING.

4. Defendant SCHIERMAN resides or works at
(full name of first defendant)
800. S. VICTORIA AVENUE - VENTURA CA 93006
(full address of first defendant)
VENTURA COUNTY DEPUTY SHERIFF "SERGEANT"
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT SCHIERMAN EXECUTED UNCONSTITUTIONAL SEARCH OF HOME OF YESI CERON ASSISTED BY DEFENDANT MEDINA WHICH LED TO PLAINTIFF UNCONSTITUTIONAL ARREST.

5. Defendant VICTOR MEDINA resides or works at
(full name of first defendant)
800. S. VICTORIA AVENUE - VENTURA CA 93006
(full address of first defendant)
SHERIFF DETECTIVE
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT MEDINA ASSISTED EXECUTION OF UNCONSTITUTIONAL SEARCH OF HOME OF YESI CERON, WHICH LED TO PLAINTIFF ARREST.

on (date or dates) 9-22-08 , 10-21-08 , 12-15-09 , 1-19-10 , _____ , _____
 (Claim B 4)                    (Claim 11) 5                          (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

6. Defendant   STEVEN JENKINS _____ resides or works at
               (full name of first defendant)

        800 VICTORIA AVENUE — VENTURA CA 93006
        (full address of first defendant)

        VENTURA COUNTY DEPUTY SHERIFF
        (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT JENKINS INIATED UNCONSTITUTIONAL HARASSMENT TRAFFIC STOP THAT

RESULTED IN JENKINS DESTRUCTED PLAINTIFF ACCESS TO COURT AND PLAINTIFF ARREST.

7. Defendant   FRANK MILAZZO _____ resides or works at
               (full name of first defendant)

        1555 W. 5th ST, STE 140 — OXNARD CA 93030
        (full address of first defendant)

        DEPARTMENT OF CORRECTIONS PAROLE AGENT
        (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT MILAZZO REFUSED TO RESPOND TO PLAINTIFF 602 APPEAL CONTESTING THE

CONSTITUTIONALLY - INFIRM SPECIAL CONDITIONS OF PAROLE, RESULTING IN PLAINTIFF REVOCATION

8. Defendant   NANCY KOLB _____ resides or works at
               (full name of first defendant)

        1555 W, 5TH ST, STE 140 — OXNARD CA 93030
        (full address of first defendant)

        DEPARTMENT OF CORRECTIONS PAROLE AGENT SUPERVISON
        (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT KOLB INGONED SUBPEONA AND REFUSED TO ATTEND PLAINTIFF REVOCATION

HEARING, VIOLATED PLAINTIFF RIGHT TO QUESTION WITNESS KOLB.

---

**CIVIL RIGHTS COMPLAINT**

on (date or dates) _____ , _____ , _____
              (Claim I)                     (Claim II)                 (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

9. Defendant  **S. ROSENBERG**_____ resides or works at
          (full name of first defendant)

        **1515 CLAY STREET - OAKLAND, CA 94612**_____
        (full address of first defendant)

        **CDCR BOARD OF PAROLE HEARINGS COMMISSIONER**_____
        (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT ROSENBERG VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS DURING HIS PAROLE

HEARING, WHILE ACTING AS BOARD OF PAROLE HEARING COMMISSIONER FOR THE STATE OF CALIFORNIA.

10. Defendant  **TRAVIS BAUER**_____ resides or works at
          (full name of first defendant)

        **1555 th. STREET, STE 140 - OXNARD CA 93030**_____
        (full address of first defendant)

        **DEPARTMENT OF CORRECTIONS PAROLE AGENT**_____
        (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT BAUER WAS PLAINTIFF PAROLE AGENT WHEN HE VIOLATED PLAINTIFF CONSTITUTI-

ONAL RIGHTS.

11. Defendant  **R. MORRIS, STA...**_____ resides or works at
          (full name of first defendant)

        **1515 CLAY STREET - OAKLAND, CA 94612**_____
         (full address of first defendant)

        **CDCR BOARD OF PAROLE HEARINGS COMMISSIONER**_____
        (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT MORRIS VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS DURING HIS PAROLE

HEARING, WHILE ACTING AS BOARD OF PAROLE HEARING COMMISSIONER FOR THE STATE OF CALIFORNIA.

on (date or dates) _____ , _____ , _____
                       (Claim I)                 (Claim II)               (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

12, 1. Defendant   JEREMY PARIS _____ resides or works at
        (full name of first defendant)

      800. S. VICTORIA AVENUE — VENTURA CA 93009
      (full address of first defendant)

      SENIOR DEPUTY OF VENTURA COUNTY SHERIFF DEPARTMENT
      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT PARIS ASSISTED EXECUTION OF UNCONSTITUTIONAL SEARCH OF HOME OF YESI CERON

WITH DEFENDANTS SCHIERMAN AND MEDINA LEADING TO PLAINTIFF UNCONSTITUTIONAL ARREST ,

13, 2. Defendant   ANN RICHARD _____ resides or works at
        (full name of first defendant)

      POST BOX 4036 — SACRAMENTO CA 95812
      (full address of first defendant)

      ASSOCIATE CHIEF DEPUTY COMMISSIONER OF CDCR BOARD OF PAROLE HEARINGS.
      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

DEFENDANT RICHARD PARTICIPATED IN THE EVENTS AND DECISION  THAT VIOLATE

    PLAINTIFF CONSTITUTIONAL RIGHTS

3. Defendant _____ resides or works at
        (full name of first defendant)

      (full address of first defendant)

      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

## D. CLAIMS*

### CLAIM I

The following civil right has been violated:

PLAINTIFF ALLEGES THAT HE WAS DENIED HIS RIGHT TO A TRIAL BY JURY AND EFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL ATTORNEY, THAT VIOLATED HIS DUE PROCESS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1. PLAINTIFF ALLEGES ON OCTOBER 31, 2003, DEFENDANT STEIN WHO WAS UNDER THE INFLUENCE OF CRYSTAL-METH SERVING AS PLAINTIFF TRIAL COUNSEL PLACED PLAINTIFF ON COURT CALENDER AGAINST HIS WISH, AND THEN IMPROPERLY INDUCED PLAINTIFF WHO WAS UNDER THE INFLUENCE OF PSYCHIATRIC MEDICATION, TO PLEAD GUILTY TO SECOND DEGREE ROBBERY, AND IN DOING SO TOOK ADVANTAGE OF PLAINTIFF INCOMPETENT STATE OF MIND. PLAINTIFF ALLEGES THAT DEFENDANT STEIN HID THE FACT FROM THE COURT THAT PLAINTIFF WAS UNDER THE INFLUENCE OF DRUGS DURING THE PLEA-COLLOQUY PROCEEDINGS BY REFUSING TO TELL THE COURT THAT PLAINTIFF WAS ON DRUGS, DEFENDANT STEIN FURTHER URGED THE TRIAL COURT TO EXPEDITE PLAINTIFF SENTENCING AND SHIP HIM OFF TO PRISON IN FURTHER ATTEMPT TO CONCEAL HIS UNCONSCIONABLE ACT OF IMPROPERLY INDUCING PLAINTIFF WHEN PLAINTIFF WAS AT LOSS OF HIS FULL MENTAL FACULTIES AND UNABLE TO MAKE A REASONED AND VOLUNTARY INTELLIGENT DECISION. ALL OF

2. PLAINTIFF ALSO ALLEGES THAT HE WROTE TO DEFENDANT STEIN IN THE BEGINNING

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

CV-66 (7/97)  CIVIL RIGHTS COMPLAINT  Page

CLAIM 1. CONTINUED

OF DECEMBER 2003 REQUESTING STEIN TO FILE AN APPEAL ON HIS BEHALF, SHORTLY THEREAFTER STEIN WROTE PLAINTIFF TELLING PLAINTIFF HE COULD NOT FILE AN APPEAL ON HIS BEHALF, ON OR ABOUT DECEMBER 24, 2003 PLAINTIFF WROTE STEIN AGAIN REQUESTING HE FILE AN APPEAL ON HIS BEHALF. PLAINTIFF NEVER HE-ARD FROM STEIN AGAIN, AND STEIN DESTROYED PLAINTIFF LETTERS. AS A DIRECT AND PROXIMATE RESU-LT OF DEFENDANT STEIN UNCONSTITUTIONAL ACTIONS PLAINTIFF WAS DEPRIVED OF HIS RIGHT TO HAVE A TRIAL, DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL WAS ON AND UNDER THE INFLUENCE OF CRYSTAL-METH, AND DEPRIVED OF HIS RIGHT TO HAVE AN APPEAL FILED ON HIS BEHALF BY DEFENDANT STEIN.

3. PLAINTIFF FURTHER ALLEGES THAT DEFENDANT DAMMEYER WHO WAS STEIN IMMEDIATE SUPER-VISON, KNEW DEFENDANT STEIN WAS USING ILLEGAL DRUGS AND ALLOWED STEIN TO CONTINUE REPRESENTING DEFENDANTS IN VENTURA COUNTY CRIMINAL COURTS WHILE UNDER THE INFLU-ENCE OF ILLEGAL DRUGS, AS A COMBINED ACTION OF DEFENDANTS STEIN AND DAMMEYER, PLAINTIFF WAS DEPRIVED OF HIS RIGHT TO A TRIAL BY JURY, INCLUSIVE OF ALL RIGHTS ATTATCHED TO A CRIMINAL TRIAL, AS WELL AS DEPRIVATION OF HIS RIGHT TO HAVE AN APPEAL FILED ON HIS BEHALF BY DEFENDANT STEIN. HAD DEFENDANT DAMMEYER DID HIS JOB, ENFORCING DEFENDANT STEIN TO DO HIS JOB IN ACCORD WITH STATE AND FEDERAL LAW, THEN DEFENDANT STEIN WOULD HAVE DONE HIS LEGAL HOMEWORK AND ESTABLISHED THAT PLAINTIFF 1998 CONVICTION AND STRIKE WERE CONSTITUTIONALLY-INFIRM BECAUSE THEIR WERE ACHIEVED BY A VIOLATION OF PLAINTIFF "BOYKIN-TAHL", AND "BRADY" AND SANTOBELLO RIGHTS.

4. PLAINTIFF DOES NOT SUE, BASED ON THE FACT OR DURATION OF CONFINEMENT, BUT SPECIFICALLY FOR THE DEPRIVATION OF HIS CONSTITUTIONAL RIGHTS BY PERSONS ACTING THE COLOR OF STATE LAW, WHO VIOLATED MY CONSTITUTIONAL RIGHTS.

## B. CLAIMS*

### CLAIM II

The following civil right has been violated:

PLAINTIFF WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL BY HIS APPELLATE COUNSEL, VIOLATING HIS CONSTITUTIONAL RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

5. ON JUNE 30, 2008 THIS COURT GRANTED GROUND THREE IN PLAINTIFF PETITION FOR HABEAS CORPUS, ORDERING THE SUPERIOR COURT OF VENTURA COUNTY TO ALLOW PLAINTIFF TO FILE APPEAL. THE CALIFORNIA APPELLATE PROJECT APPOINTED DEFENDANT LENNON TO REPRESENT PLAINTIFF ON APPEAL. PLAINTIFF INSTRUCTED DEFENDANT KENNON TO RAISE THE ISSUES OF IMPROPER INDUCEMENT TO PLEAD GUILTY WHILE UNDER THE INFLUENCE OF PSYCHIATRIC MEDICATIONS AND MENTALLY INCOMPETENT, AND INEFFECTIVE ASSISTANCE OF COUNSEL. DEFENDANT LENNON REFUSED TO DO AS PLAINTIFF INSTRUCTED AND AGAINST PLAINTIFF WISH FILED A "WENDE" BRIEF, AS A RESULT OF LENNON'S REFUSAL TO DO AS PLAINTIFF REQUESTED PLAINTIFF FILED A SUPPLEMENTAL BRIEF RAISING THE ABOVE ISSUES, WITH THE CALIFORNIA COURT OF APPEAL, ON MARCH 25, 2009 THE COURT OF APPEAL AFFIRMED PLAINTIFF CONVICTION WITH A RESPONSE.

6. IN THE BEGINNING OF MAY, 2009 PLAINTIFF CALLED DEFENDANT LENNON INQUIRING IF HE HAD YET TO FILE A PETITION FOR REVIEW IN THE CALIFORNIA SUPREME COURT.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

CLAIM II, CONTINUED

PLAINTIFF CALL TO DEFENDANT LENNON WAS ANSWERED BY NANCY GAYNOR, WHO TOLD PLAINTIFF THE LENNON WAS ON VACATION. PLAINTIFF EXPLAINED TO MS. GAYNOR THAT THE TIME WAS ABOUT TO EXPIRE FOR A "PETITION FOR REVIEW" TO BE FILED IN THE STATE SUPREME COURT, AND DEMANDED "SOMEBODY" FILE IT. MS. GAYNOR TOLD PLAINTIFF THAT SHE WOULD EMAIL LENNON ABOUT THE MATTER, AS WELL AS, BRING THE ISSUE TO HER SUPERVISOR. DEFE-NDANT LENNON FAILED TO FILE A PETITION FOR REVIEW IN THE STATE SUPREME COURT, NOR DID MS. GAYNOR, NOR ANY OTHER ATTORNEY AT THE CALIFORNIA APPELLATE PROJECT, RESULTING IN LOSS OF PLAINTIFF CLAIMS IN THE STATE COURT.

7, AS A RESULT OF DEFENDANT LENNON REFUSAL TO FILE "PETITION FOR REVIEW" AS LAW AND JUSTICE DEMAND, PLAINTIFF WAS ROBBED OF HIS RIGHT TO SEEK AND OBTAIN REVIEW OF HIS CLAI-MS IN THE CALIFORNIA SUPREME COURT, A REVIEW OF WHICH RESULT PLAINTIFF WILL NEVER KNOW ABOUT. DEFENDANT LENNON DEPRIVED PLAINTIFF EFFECTIVE ASSISTANCE OF COUNSEL THROUGH ALL STAGES OF HIS DIRECT APPEAL, VIOLATING PLAINTIFF CONSTI-TUTIONAL RIGHTS ON APPEAL, THROUGHOUT ITS END, PLAINTIFF SUES DEFENDANT LENNON FOR THE VIOLATION OF HIS CONSTITUTIONAL RIGHTS BY A PERSON ACTING UNDER THE COLOR OF STATE LAW, APPOINTED BY AND ON BEHALF OF THE STATE OF CALIFORNIA.

## D. CLAIMS*

### CLAIM III

The following civil right has been violated:

DEFENDATS CARRIED OUT AN UNCONSTITUTIONAL SEARCH OF THE HOME OF YESI CERON
WITHOUT A SEARCH WARRANT VIOLATING HER FOUR AMENDMENT RIGHTS AND PROTEC-
TIONS AND AS A DIRECT RESULT OF THE UNCONSTITUTIONAL SEARCH VIOLATED PLAI-
NTIFF LIBERTY PROTECTIONS BY ARRESTING HIM FOR FRIVOLOUS PAROLE VIOLATION.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without
citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each
DEFENDANT (by name) did to violate your right.

8. ON 6/25/08 PLAINTIFF WAS AT THE HOME OF YESI CERON AT 231 .N. ENCINAL AVENUE IN OJAI PERFORM-
ING MECHANICAL WORK ON MS CEREN'S 1997 NISSAN MAXIMA, WHEN DEFENDANT'S SCHIERMAN, PARIS AND MEDINA
ALONG WITH DEPUTIES SKAGGS AND WHITTEKER WALKED ONTO MS CERON'S PROPERTY. PLAINTIFF AND REY-
ES ESTRADA WERE IMMEDIATELY PLACED IN HANDCUFFS FOR NO REASON. DEFENDANTS AND DEPUTIES
SKAGGS AND WHITTEKER KICKED MS CERON AND HER SON DAMIEN AND WITHOUT HER CONSENT
SEARCHED HER ENTIRE HOUSE, KICKING OTHER RESIDENTS OUT OF THEIR ROOMS. DEFEND-
ANT PARIS TOLD MS CERON THAT THEY WERE CONDUCTING A PROBATION SEARCH ON
REYES ESTRADA. MS CERON TOLD DEFENDANTS THAT MR ESTRADA DID NOT LIVE THERE
AND THAT HE WAS ONLY VISITING HIS SON. DEFENDANTS INCLUDING SKAGGS AND WHITT-
EKER CONTINUED THEIR ILLEGAL SEARCH OF MS CERON HOME IGNORING HIS CON-
SISTENT VERBAL OBJECTIONS. DEFENDANTS WERE NOT CONDUCTING A PROBATION SEARCH,
THEY WERE CONDUCTING AN UNLAWFUL WARRANTLESS SEARCH OF MS CERON'S HOME SPECIF-
ICALLY SEARCHING A 22 CALIBER PISTOL ALLEGEDLY USED IN A SHOOTING ON 5/18/08 IN
OAKVIEW. THE SEARCH WAS AN INVESTIGATION SEARCH, NECESSITATING A SEARCH WARRANT.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same
outline.

**CIVIL RIGHTS COMPLAINT**

CLAIM III CONTINUED

9. AS A DIRECT AND PROXIMATE RESULT OF DEFENDANTS ILLEGAL ACTIONS CARRIED OUT, DEFEN-
DANT MEDINA ARRESTED PLAINTIFF ALLEGING PLAINTIFF WAS IN VIOLATION OF HIS
CONSTITUTIONALLY-INVALID SPECIAL CONDITION OF PAROLE, "GANG ASSOCIATION".

10. DEFENDANT MEDINA TRANSPORTED PLAINTIFF TO VENTURA JAIL AND RATHER THAN
PLACING PLAINTIFF IN BOOKING, HE PLACED PLAINTIFF IN AN INTERVIEW ROOM AND ALONG
WITH DEPUTY SKAGGS BEGAN ASKING PLAINTIFF QUESTIONS ONLY ABOUT A 5/18/08 SHOOT-
ING THAT OCCURED IN OAKVIEW. DEFENDANT MEDINA AND DEPUTY SKAGGS REPEATEDLY
DURING THEIR QUESTIONING THREATENED PLAINTIFF, THREATENING TO CHARGE PLAIN-
TIFF WITH CONSPIRACY TO COMMIT A SHOOTING AND COMMITTING A CRIME FOR
THE BENEFIT OF A GANG. PLAINTIFF WAS ASKED NO QUESTIONS REGARDING HIS
ALLEGED PAROLE VIOLATION.

11. AT PLAINTIFF REVOCATION HEARING ON 8/12/08 THAT WAS AUDIO-RECORDED DEFE-
NDANT MEDINA TESTIFIED THAT PLAINTIFF VIOLATED HIS GANG ASSOCIATION CONDITION
BY ASSOCIATING WITH REYES ESTRADA WHO IS ALLEGEDLY A GANG MEMBER, DEFENDANT ME-
DINA TESTIFIED THAT HE COULD NOT PROVE THAT REYES ESTRADA IS AN ACTIVE GANG MEMB-
ER OR IF HE CLAIMS TIES OR AFFILIATION TO A GANG MEMBER OR ASSOCIATE. PLAINTIFF ALLE-
GES THAT DEFENDANTS SCHIERMAN AND PARIS AS SUPERVISORY OFFICERS KNEW REYES EST-
RADA DID NOT LIVE AT THE HOME OF MS CERON, AND YET THE PARTICIPATED IN A UNLAWFUL
WARRANTLESS SEARCH OF MS CERON HOME, WHICH WAS THE DIRECT AND PROXIMATE CAUSE OF PLA-
INTIFF BEING ARRESTED FOR FRIVOLOUS PAROLE VIOLATION, THAT WAS DISMISSED BY
THE BOARD OF PAROLE HEARINGS ON 8/12/08. PLAINTIFF ALLEGES THAT HE WAS DEPRIVED
OF HIS LIBERTY BECAUSE OF THE SPECIFIC UNCONSTITUTIONAL ACTIONS OF DEFENDANTS
SCHIERMAN, PARIS AND MEDINA THAT WERE INTENTIONALLY CARRIED OUT. PLAINTIFF HAS STA-
TED A CLAIM FOR RELIEF. PLAINTIFF SOLELY SUES DEFENDANTS FOR VIOLATING HIS CONSTITUTIONAL RIGHTS.

## D. CLAIMS*

<div align="center">CLAIM IV.</div>

The following civil right has been violated:

PLAINTIFF WAS DEPRIVED OF HIS LIBERTY FOR SIXTH MONTHS AS A RESULT OF HARASSMENT RETALIATION MOTIVE, AND WAS FURTHER DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW. PLAINTIFF RIGHT OF ACCESS TO THE COURT WAS OBSTRUCTED BY DEFENDANTS, ALL IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

12. ON 9/22/08 PLAINTIFF WAS ENROUTE TO HIS COURT HEARING AT VENTURA COUNTY'S HALL OF JUSTICE. DEFENDANT JENKINS TRAVELING IN THE OPPOSITE DIRECTION UPON SEEING PLAINTIFF FRIEND REYES ESTRADA WHO WAS DRIVING PLAINTIFF TO COURT, IMMEDIATELY FLIPPED A UTURN AND BEGAN FOLLOWING MR ESTRADA AND PLAINTIFF THREE CARS BEHIND FOR ABOUT TWO MILES BEFORE PULLING ESTRADA OVER FOR NO REASON. DEFENDANT JENKINS TOLD MR ESTRADA THAT HE PULLED HIM OVER BECAUSE HE WAS FOLLOWING THE CAR IN FRONT OF US TOO CLOSE. DEFENDANT JENKINS MADE MR ESTRADA AND PLAINTIFF GET OUT OF ESTRADAS CAR AND SEARCHED BOTH ESTRADA AND PLAINTIFF. PLAINTIFF TOLD JENKINS HE WAS LATE TO COURT AND REQUESTED TO LEAVE, WHICH JENKINS REFUSED TO LET PLAINTIFF AGAINST HIS WILL.

13. DEFENDANT JENKINS FORCED ESTRADA AND PLAINTIFF TO SIT IN THE BACK OF HIS PATROL CAR, AND THEN JENKINS AND DEPUTY JOHNSON BEGAN SEARCHING ESTRADA'S CAR AND FOUND NOTHING. DEFENDANT JENKINS THEN ARRESTED PLAINTIFF,

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

GROUND IV CONTINUED

ALLEGING PLAINTIFF VIOLATED HIS CONSTITUTIONALLY INFIRM SPECIAL CONDITION PRO-
HITING GANG ASSOCIATION, BY ASSOCIATING WITH PLAINTIFF BEST FRIEND REYES
ESTRADA WHO IS NOT A GANG MEMBER, WHILE ENROUTE TO THE COUNTY JAIL PLAINTIFF
ASKED DEFENDANT JENKINS WHY HE PULLED THEM OVER. JENKINS TOLD PLAINTIFF
THAT HE PULLED THEM OVER BECAUSE HE KNEW ESTRADA WAS ON PROBATION AND
HAD SEARCH TERMS. DEFENDANT JENKINS TRAFFIC STOP WAS SOLELY FOR HARRASS-
MENT PURPOSES AND IN RETALIATION. FOR PRIOR CRIMINAL CONDUCT ALLEGEDLY COMM-
ITTED BY ESTRADA. DEFENDANT JENKINS VIOLATION OF ESTRADA'S FIRST AND FOURTH
AMENDMENT PROTECTIONS TO BE FREE FROM RETALIATION AND TRAFFIC STOPS FOR UNC-
CONSTITUTIONAL PURPOSES, IS THE SOLE CAUSE OF PLAINTIFF UNCONSTITUTIONAL ARREST
AND DEPRIVATION OF HIS LIBERTY, ACHIEVED THROUGH UNCONSTITUTIONAL MEANS, VIOL-
ATING PLAINTIFF LIBERTY INTEREST AND DUE PROCESS. DEFENDANT JENKINS DID SO
MUCH AS GIVE ESTRADA A TICKET FOR HIS ALLEGED TRAFFIC VIOLATION BECAUSE MR ESTRADA NEVER
VIOLATED ANY VEHICLE.

4. AT PLAINTIFF REVOCATION HEARING DEFENDANT JENKINS TESTIFIED CLAIMING ESTRADA IS A
GANG MEMBER. HE TESTIFIED THAT HE KNEW ESTRADA TO BE A GANG MEMBER BY ASSOCIATI-
ON ONLY, AND FURTHER TESTIFIED HE HAD NO MEMORY OF ESTRADA HAVING EVER BEEN ARREST-
ED, CHARGED OR CONVICTED OF ANY GANG CRIMES. REYES ESTRADA TESTIFIED THAT HE IS NOT
IN A GANG, CLAIMS NO ASSOCIATION TO ANY GANG, AND EXPLAINED THAT HE IS A FAMILY
MAN. ESTRADA FURTHER TESTIFIED THAT THE VENTURA COUNTY SHERIFFS DEPARTMENT
FALSELY CLASSIFY HIM AS A GANG MEMBER AGAINST HIS WILL AND CONSISTENTLY HARASS
HIM.

5. DEFENDANT MILAZZO TESTIFIED AT PLAINTIFF REVOCATION HEARING, THAT AS PLAINTIFF
PAROLE AGENT, HE WAS AWARE OF PLAINTIFF APPEAL CHALLENGE TO THE UNCONSTITUT-

<u>GROUND IV CONTINUED</u>

IONAL SPECIAL CONDITIONS OF PAROLE, BUT DID NOT KNOW WHY PLAINTIFF APPEAL WAS NEVER RESPONDED TO. PLAINTIFF ALLEGES THAT AS HIS PAROLE AGENT DEFENDANT MIL-AZZO HAD A DUTY TO PROVIDE A RESPONSE TO PLAINTIFF APPEAL CHALLENGING THE SPECIAL CONDITIONS AND THAT MILAZZO REFUSAL TO RESPOND TO THAT APPEAL VIOLATED PLAIN-TIFF DUE PROCESS TO PETITION GOVERNMENT BRANCHES FOR REDRESS, AND AS A DIRECT RESULT OF MILAZZO VIOLATING PLAINTIFF DUE PROCESS, PLAINTIFF WAS ARRESTED FOR A CONSTITUTIONALLY INVALID SPECIAL CONDITION OF PAROLE THAT SHOULD HAVE BEEN REDRESSED HAD DEFENDANT MILAZZO NOT VIOLATED PLAINTIFF DUE PROCESS OF LAW.

16. DEFENDANT KOLB WAS SUBPEONA'D TO ATTEND PLAINTIFF REVOCATION HEARING AND SHE REFUSED TO ATTEND. PLAINTIFF ALLEGES HE HAD VERY PERTINENT QUESTIONS TO ASK KOLB AT HIS HEARING REGA-RDING HER PHONE INTERVIEW WITH REYES ESTRADA THAT TOOK PLACE ON OR ABOUT 9/23/08. DEFENDANT KOLB REFUSED TO WRITE A REPORT DESCRIBING HER INTERVIEW WITH ESTRADA, THUS PLAINTIFF WAS DESCR-IBED PHYSICAL DOCUMENTARY EVIDENCE REGARDING THE INTERVIEW. PLAINTIFF ALLEGES THAT DEFEND-ANT KOLB's INTENTIONAL REFUSAL TO ATTEND HIS REVOCATION HEARING DEPRIVED HIM OF RIGHT TO PRESENT AND QUESTION WITNESSES AND USE THAT TESTIMONIAL EVIDENCE AS PART OF HIS DEFENSE, DEFENDANT KOLB's VIOLATED PLAINTIFF DUE PROCESS.

17. DEFENDANT ROSENBERG VIOLATED PLAINTIFF DUE PROCESS BY DENYING PLAINTIFF HIS RIGHT TO PRE-SENT HIS WITNESS DEFENDANT KOLB. PLAINTIFF MADE A TIMELY VALDIVIA OBJECTION TO DEFENDANT ROSENBERG FOR DENYING PLAINTIFF HIS RIGHT TO PRESENT HIS WITNESS DEFENDANT KOLB. PLAINT-IFF MADE HIS OBJECTION PRIOR TO DEFENDANT ROSENBERG SENDING ALL PARTIES OUT OF THE ROOM SO, HE COULD DELIBERATE ALONE. NONETHELESS IT WAS DEFENDANT ROSENBERG's DUTY TO ASSURE ALL WITNESSES SUBPEONA'D ATTENDED AND PLAINTIFF DUE PROCESS WAS NOT VIOLATED. PLAINTIFF SUES ALL DEFENDANTS HERE FOR VIOLATING HIS FIRST, SIXTH AND FOURTEENTH AMENDMENTS CONSTITUTIONAL RIGHTS AND PROTECTIONS GUARANTEED TO PLAINTIFF UNDER THE DUE PROCESS CLAUSE.

## D. CLAIMS*

<div align="center">

**CLAIM ● V.**

</div>

The following civil right has been violated:

PLAINTIFF HAS BEEN DEPRIVED OF HIS LIBERTY BASED ON RETALIATION, PLAINTIFF WAS DENIED
HIS RIGHT TO PRESENT AND QUESTION WITNESSES AT HIS REVOCATION HEARING VIOLATING HIS
DUE PROCESS, AND PLAINTIFF HAS BEEN SUBJECTED TO SPECIAL CONDITIONS OR PAROLE BEAR-
ING NO RELATION TO HIS CONTROLLING OFFENSE AND HAS BEEN DEPRIVED OF CHALLENGING THOSE
CONDITIONS BY PAROLE OFFICIALS.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

18. ON DECEMBER 15, 2009 PLAINTIFF WAS ARRESTED AS RESULT OF DEFENDANT MEDINA'S HARASSMENT
AND RETALIATION AGAINST PLAINTIFF, DEFENDANT MEDINA ALLEGED PLAINTIFF VIOLATED HIS CONS-
TITUTIONALLY-INVALID GANG ASSOCIATION CONDITION BY ALLEGEDLY ASSOCIATING WITH JOSE
RAMOS, PLAINTIFF WAS DISCUSSING WITH JESSICA MANNING WHAT WAS MECHANICALLY WRONG
WITH HER 1996 HONDA ACCORD AND MAKING ARRANGEMENTS TO PERFORM THE WORK ON HER VEHICLE,
WHILE HER BOYFRIEND MR RAMOS COLLECTED HIS CHECK FROM B.K.A. SKYCELLULAR. ALL THIS TOOK
PLACE ON PRIVATE PROPERTY OF PLAINTIFF GRANDFATHER'S UPHOLSTERY BUSINESS AND
THAT OF B.K.A. SKYCELLULAR BOTH LOCATED IN THE SAME BUILDING ON THE SAME PROPERTY,
PRIOR TO THIS RETALIATION EVENT DEFENDANT MEDINA HAD CHARGED PLAINTIFF
ON 6/25/08 WITH ALLEGEDLY INTIMIDATING A PROSECUTION WITNESS WHO JUST SO HAPPENS
TO BE THIS SAME JOSE RAMOS, THAT FRIVOLOUS CHARGE WAS DISMISSED ON 8/12/08.

19. DEFENDANT MEDINA AS PLAINTIFF ALLEGES HAS A RETALIATION VENDETTA AGAINST PLA-
INTIFF BECAUSE PLAINTIFF REFUSES TO PROVIDE MEDINA WITH INFORMATION TO CRIMES HE

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

GROUND V. CONTINUED

KNOWS PLAINTIFF TO POSSESS, AND ALSO BECAUSE EACH TIME HE CHARGES PLAINTIFF WITH SOME RIDIC-
ULOUS CRIME OR PAROLE VIOLATION THE CHARGES GET DISMISSED. DEFENDANT MEDINA EVEN WENT AS
FAR AS PLACING AN UNLAWFUL GPS MONITOR ON THE REAR DRIVER SIDE LEAF-SPRING OF PLAIN-
TIFF TRUCK DURING THE WEEK PRIOR TO MEDINA ARRESTING PLAINTIFF. DEFENDANT RETRI-
EVED THAT GPS MONITOR BACK DURING HIS SEARCH OF PLAINTIFF GRANDFATHERS' BUSINESS
AND PLAINTIFFS TRUCK ON DECEMBER 17, 2009 ( DOJ NO. 09-25358) AS RESULT OF A SEARCH WARR-
ANT. ON 1/19/10 THE GANG ASSOCIATION CHARGED FILED BY DEFENDANT MEDINA WAS DIS-
MISSED AT PLAINTIFF REVOCATION HEARING. FURTHER DEFENDANT MEDINA PERSONALLY KNEW
ON 12/15/09 THAT JOSE RAMOS DENOUNCED HIS GANG MEMBERSHIP AND AFFILIATION TO MEDINA
ON 6/23/10.

20. WHEN PLAINTIFF WAS ARRESTED ON 12/15/09 DEFENDANT BAUER CHARGED PLAINTIFF WITH
"CREDIT CARD THEFT / ILLEGAL USE OF A CREDIT CARD" ACCORDING TO THE "CHARGE REPORT
CDCR 1502(b)", DATED 12/16/09 SIGNED BY BAUER AND HIS SUPERVISOR LUCIA GALGANO. SOMETIME
THEREAFTER DEFENDANT BAUER ADDED A "VIOLATION OF SPECIAL CONDITION OF PAROLE 'GANG
ASSOCIATION" CHARGE TO THE CHARGE REPORT. AT PLAINTIFF REVOCATION HEARING HELD ON
1/19/10 THE GANG ASSOCIATION CHARGE WAS DISMISSED AND THE CREDIT CARD CHARGE IGN-
ORED. ACCORDING TO THE VALDIVIA INJUNCTION, ONCE PLAINTIFF WAS ARRESTED FOR THE
CHARGES ON 12/15/09, THE BOARD OF PAROLE HEARINGS HAD 35 DAYS STARTING 12/16/09 TO
TAKE PLAINTIFF BEFORE A FULL REVOCATION HEARING EXPIRING 1/20/10.

21. DEFENDANT BAUER ON 1/19/10 IMMEDIATELY AFTER PLAINTIFF REVOCATION HEARING TURNED
AROUND AND REFILED THE "CREDIT CARD THEFT/ILLEGAL USE OF A CREDIT CARD" CHARGE.
PLAINTIFF ALLEGES THAT THE VALDIVIA HOLDING WAS VIOLATED BY BAUER WHEN HE REFI-
LED CHARGES FOR THE CREDIT CARD ALLEGATIONS BECAUSE THE VALDIVIA 35 DAY LIMITATION
HAD EXPIRED. PLAINTIFF ALLEGES THAT DEFENDANT BAUER KNEW OF THE CREDIT CARD ALLEGA-

GROUND V, CONTINUED

TIONS ON 12/15/09 AND POSSIBLY PRIOR TO THAT BEFORE HE WROTE HIS INITIAL REPORT ON 12/16/09, AND DEFENDANT BAUER ACTION VIOLATES FEDERAL LAW, MOST GLARING IS THAT BAUER KNEW OF THE CREDIT CARD ALLEGATIONS AND DETAILS THEREOF, BEFORE DETECTIVE BURGESS OF THE VENTURA COUNTY SHERIFFS DEPARTMENT APPROACHED VENTURA COUNTY DISTRICT ATTORNEY GREGORY TOTTEN ON 1/19/10 TO FILE CRIMINAL CHARGES, IN DOING SUCH DEFENDANT BAUER DEPRIV-ED PLAINTIFF OF HIS LIBERTY INTEREST VIOLATING PLAINTIFF CONSTITUTIONAL RIGHTS,

**22.** ON 5/4/10 PLAINTIFF HAD A REVOCATION HEARING. ON APRIL 26, 2010 DEFENDANT BAUER ALONG WITH ALICEA BROOKS, MICHAEL FLYNN, AND KATE MCAULIFF WERE SUBPEONA'D TO ATTEND PLAINTIFF HEAR-ING, PLAINTIFF DID NOT KNOW UNTIL 5/4/10 THAT BROOKS, FLYNN AND MCAULIFF HAD BEEN SUBPEON-A'D TO ATTEND HIS HEARING BECAUSE THE BOARD OF PAROLE HEARINGS REFUSED TO NOTIFY PLAINTIFF. NONE OF ABOVE WITNESSES ATTENDED PLAINTIFF HEARING FOR REASONS UNKNOWN AND ALL VIOL-ATED THE LAW WITH REGARD TO COMPLIANCE OF SUBPEONA'S, PLAINTIFF AND ATTORNEY GERALD KLINE MADE VALDIVIA OBJECTION TO PLAINTIFF PAROLE AGENT DEFENDANT BAUER'S REFUSAL TO ATTEND HIS REVOCATION HEARING, PLAINTIFF ALLEGES DEFENDANT BAUER INTENTIONALLY REFUSED TO ATTEND HIS REVOCATION HEARING SPECIFICALLY TO OBSTRUCT PLAINTIFF FR-OM QUESTIONING BAUER REGARDING HIS UNCONSTITUTIONAL ACTIONS, IN DOING SO DEFENDANT BAUER VIOLATED PLAINTIFF DUE PROCESS RIGHT TO PRESENT AND QUESTION WITNESS(S), AS WELL AS VIOLATING HIS DUTY AS 'AGENT OF RECORD', WHO AT A REVOCATION HEARING HAS THE DUTY TO ATTEND THE HEARING AND EXPLAIN THE BASIS FOR THE CHARGES, PROVI-DES BACKGROUND ON A PAROLEE AND EVIDENCE HE HAS REGARDING THE CASE TO THE DEPUTY COMMISSIONER IN ADDITION TO ANY OTHER WITNESSES.

23. DEFENDANT MORRIS DENIED PLAINTIFF REQUEST TO POSTPONE HIS REVOCATION HEARING AFT-ER PLAINTIFF EXPLAINED TO MORRIS HE DID NOT HAVE IN HIS POSSESSION AT THE TIME HIS PHYSICAL DOCUMENTARY EVIDENCE PLAINTIFF NEED TO PRESENT AS EVIDENCE IN HIS DEFENSE.

GROUND V, CONTINUED

ONE OF THE DOCUMENTS AS PLAINTIFF EXPLAINED TO MORRIS IS THE ORIGINAL, ORIGINAL COPY OF THE CHARGE REPORT CDCR 1502 (b) DATED 12/16/09. DEFENDANT MORRIS DENIED PLAINTIFF REQUEST TO REINSTATE HIS "OPTIONAL WAIVER" PENDING RESOLUTION OF HIS CRIMINAL CHARGES, PLAINTIFF AND ATTORNEY GERALD KLINE MADE SEVERAL VALDIVIA OBJECTIONS TO DEFENDANT MORRIS REGARING DEFENDANT BAUER'S REFUSAL TO ATTEND HIS HEARING; AND REQUESTED POSTPONEMENT OF THE HEARING ALL OF WHICH OBJECTIONS MORRIS DENIED, PLAINTIFF LITERALLY STOOD UP AND WALKED OUT OF HIS HEARING DUE TO ANGER BROUGHT ABOUT BY MORRIS VIOLATING PLAINTIFF DUE PROCESS. PLAINTIFF ATTORNEY COULD NOT QUESTION DEFENDANT MEDINA WHO HAD BEEN SUBPEONA'D AS A WITNESS BECAUSE DEFENDANT MORRIS DISMISSED MEDINA DISREGARDING PLAINTIFF RIGHT TO QUESTION ANY WITNESS THROUGH HIS ATTORNEY. DEFENDANT MORRIS VIOLATED PLAINTIFF DUE PROCESS BY DEPRIVING PLAINTIFF HIS RIGHT TO PRESENT AND QUESTION WITNESSES AT HIS HEARING THAT DEPRIVED PLAINTIFF OF EVIDENCE THAT IS FOREVER LOST, AND THESE INTENTIONAL VIOLATIONS OF PLAINTIFF DUE PROCESS VIOLATED THE FIRST, SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

24. DEFENDANT RICHARD GAVE A WRITTEN DENIAL ON 5/20/10 TO "REQUEST FOR DECISION REVIEW", FILED BY ATTORNEY GERALD KLINE ON 5/12/10 ON BEHALF OF DEFENDANT THAT ATTACKS DEFENDANT MORRIS'S VIOLATIONS OF PLAINTIFFS DUE PROCESS. ACCORDING TO DEFENDANT RICHARD, SHE LISTENED TO THE HEARING TAPE AND REVIEWED THE HEARING DOCUMENTS, AND SOMEHOW CONCLUDED THAT PLAINTIFF PAROLE AGENT DEFENDANT BAUER, "HAD NO DIRECT EVIDENCE OF THE CHARGES AND COULD ADD NOTHING TO THE EVIDENTIARY PORTION OF THE HEARING," AND STATED SHE FOUND NO ERROR OF LAW, PLAINTIFF ALLEGES THAT AN AGENCIES REGULATIONS ARE BINDING LAW ON THAT AGENCY. PLAINTIFF FURTHER ALLEGES THAT SINCE RICHARD LISTENED TO THE HEARING TAPE, SHE WAS AWARE THAT PLAINTIFF WAS DEPRIVED HIS RIGHT TO PRESENT AND QUESTION WITNESSES AND PRESENT EVIDENCE AND HER CONCLUSION IS CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW, AND HER

GROUND V. CONTINUED

DECISION VIOLATED PLAINTIFF DUE PROCESS.

25. FINALLY PLAINTIFF ALLEGES THAT DEFENDANTS MILAZZO AND BAUER INTENTIONALLY VIOLATED PLAINTIFF DUE PROCESS. ON 8/18/08 PLAINTIFF FILED AN APPEAL AT THE PAROLE OFFICE CHALLENGING HIS UNCONSTITUTIONAL SPECIAL CONDITIONS OF PAROLE. DEFENDANT MILAZZO NEVER RESPONDED TO PLAINTIFF APPEAL. AGAIN ON 3/26/09 PLAINTIFF FILED ANOTHER APPEAL CHALLENGING HIS UNCONSTITUTIONAL SPECIAL CONDITIONS OF PAROLE. DEFENDANT BAUER REFUSED TO RESPOND TO THAT APPEAL. IN REFUSING TO RESPOND TO HIS APPEALS PLAINTIFF ALLEGES THAT DEFENDANTS MILAZZO AND BAUER INTENTIONALLY VIOLATED PLAINTIFF RIGHT TO PETITION GOVERNMENT BRANCHES FOR REDRESS, AND AS A RESULT OF THEIR ACTIONS LEFT PLAINTIFF IN A POSITION TO BE DEPRIVED OF HIS LIBERTY ON 9/22/08 AND 12/15/09 DUE TO THE UNCONSTITUTIONAL SPECIAL CONDITIONS OF PAROLE NOT RELATED TO HIS CONVICTION, AND THEIR ACTIONS VIOLATED PLAINTIFFS CONSTITUTIONAL RIGHTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES COSTITUTIONS.

26. PLAINTIFF SOLELY SUES ALL OF THE DEFENDANTS ABOVE FOR INDIVIDUALLY VIOLATING HIS CONSTITUTIONAL RIGHTS AND PROTECTIONS AS ALLEGED ABOVE. PLAINTIFF HEREIN HAS STATED CLAIMS FOR RELIEF FOR WHICH HE IS ENTITLED TO, PURSUANT TO 42. U.S.C. 1983.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

PLAINTIFF SEEKS FOR CLAIM I, COMPENSATORY, PUNITIVE AND MONETARY DAMAGES IN THE SUM OF TEN MILLION DOLLARS. FOR THE REMAINING CLAIMS PLAINTIFF SEEKS COMPENSATORY, PUNITIVE AND MONETARY DAMAGES TO BE DETERMINED BY A JURY. PLAINTIFF ALSO SEEKS EQUITABLE RELIEF IN THE FORM OF THE COURT TERMINATING HIS PAROLE. PLAINTIFF REQUEST DEFENDANTS BE ORDERED TO PAY FOR THE COST OF SUIT, AND ANY EXPENSES INCURRED AS A RESULT OF THIS SUIT.

VERIFICATION

I AM THE PLAINTIFF IN THIS ACTION. I HAVE THE FOREGOING COMPLAINT AND THE FACTS THEREIN STATED ARE TRUE OF MY OWN KNOWLEDGE. PURSUANT TO 28 U.S.C. 1746: I DECLARE UNDER THE PENALTY OF PERJURY IS TRUE AND CORRECT. EXECUTED ON JUNE 30, 2010 AT VENTURA CA 93006.       *Lee Peyton*

LEE PEYTON    DECLARANT.

_____6/30/10_____          _____Lee Peyton_____
(Date)                                  (Signature of Plaintiff)