UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEE EDWARD PEYTON,
    Plaintiff,

v.

RANDY GROUNDS,
    Defendant.

Case No. 13-cv-04232-VC

**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**

Re: Dkt. No. 27

Plaintiff Lee Edward Peyton, a state prisoner, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. On December 16, 2013, the Court granted Peyton's motion to proceed IFP and, on September 5, 2014, the Court issued an Order of Service of Peyton's cognizable claims. On November 10, 2014, Defendant Randy Grounds filed his answer and, on November 25, 2014, he filed a motion, pursuant to 28 U.S.C. § 1915(g), to revoke Peyton's IFP status. Instead of filing an opposition, Peyton filed a motion to withdraw his complaint without prejudice to paying the full filing fee, which the Court construes as a motion for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Grounds opposes the motion.

Under Rule 41(a)(2), after service of an answer or summary judgment motion, the plaintiff must obtain court approval to dismiss. The court must exercise its discretion to determine whether to allow dismissal at all and, if so, whether the dismissal should be with or without prejudice and what terms and conditions, if any, ought to be imposed. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some "plain legal prejudice" as a result of the dismissal. *Westlands Water Dist. v. United States*, 100 F.3d 94, 96

(9th Cir. 1996). The determination of prejudice focuses on the rights and defenses available to a defendant in future litigation, such as whether a dismissal without prejudice will result in the loss of a federal forum, or the right to a jury trial, or a statute of limitations defense. *Id.* at 97. "Legal prejudice is prejudice to some legal interest, some legal claim, some legal argument." *Id.*

In his motion, Peyton states that, because he is soon to be released from custody and will have the funds to pay the full filing fee for this action, he moves to dismiss his complaint "without prejudice so that I may refile my meritorious suit." Grounds opposes because Peyton is attempting "to avoid the PLRA's three-strikes rule and he should be declared a 'three-strikes' litigant." But Grounds acknowledges that Peyton's dismissal would be without prejudice to re-filing only with payment of the full filing fee and that this would be the same outcome if Peyton were found to be a three-strikes litigant under 28 U.S.C. § 1915(g). And if Peyton files this lawsuit again and pays the filing fee, all legal defenses will remain available to Grounds.

Accordingly, the Court grants Peyton's motion to voluntarily dismiss this action without prejudice to bringing the claims herein in a future action in which he pays the full filing fee.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Peyton's motion to voluntarily dismiss this action under Rule 41 (a)(2) is granted. This action is dismissed. Peyton may bring these claims in a future action only with payment of the full filing fee. Dkt. No. 27.

2. The Clerk shall terminate all pending motions, enter a separate judgment and close the file.

**IT IS SO ORDERED**.

Dated: February 20, 2015

_____
VINCE CHHABRIA
United States District Judge

2